THE STATE OF KANSAS, *ex rel. William Clark*, v. H. P. SMITH, *as County Clerk of Pottawatomie County*.

LAWS OF 1871, CH. 79—*Appeal.* In an action instituted under chapter 79 of the Laws of 1871, (Comp. Laws of 1879, chap. 36,) an appeal from the district court to the supreme court must be taken by petition in error, and within sixty days from the date of the rendition of the judgment of which the party appealing complains.

*Error from Pottawatomie District Court.*

THE opinion states the facts. At the November Term, 1882, defendant *Smith*, as county clerk of Pottawatomie county, recovered a judgment against the state on the relation of Clark, who brings it here for review.

*Case & Curtis*, for plaintiff in error.

*Morton, Douthitt & Mileham*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of mandamus, commenced by William Clark in the name of the state of Kansas against H. P. Smith, county clerk of Pottawatomie county, for the purpose of contesting the validity of a county-seat election held in that county on September 19, 1882. The action was commenced on October 12, 1882, in the district court of Pottawatomie county, under §§ 2 and 4, chapter 79, of the Laws of 1871. (Comp. Laws of 1879, ch. 36, ¶¶ 2276, 2278.) This was a second election for the location of the county seat of said county, the first election not having resulted in a choice. The first election was held on September 23, 1879. The canvass of the returns of that election was suspended for a long time by reason of the allowance of a temporary injunction, which injunction was finally dissolved by the district court, and this decision was affirmed by the supreme court. (*Benton v. Nason*, 26 Kas. 658.) But before the mandate of the supreme court in that case was presented to the district court, another temporary injunction was ob-

9—31 KAS.

tained, which injunction was also dissolved by the district court, and this decision affirmed by the supreme court. (*Sabin v. Sherman*, 28 Kas. 289.) After considerable further delay, for reasons not necessary to state, the board of county commissioners finally met on September 7, 1882, and canvassed the returns of the first election, and no place having received a majority of all the votes cast, a second election was ordered to be held on September 19, 1882, between the two places having received the highest number of votes, to wit, the places of Wamego and Westmoreland. This election was held on that day, and the returns thereof were canvassed by the county board, and Westmoreland, having received a majority of all the votes cast, was duly declared and proclaimed to be the county seat of Pottawatomie county, and the county officers removed their offices to that place.

Afterward, and on October 12, 1882, the relator, Clark, commenced this action of mandamus to compel the defendant, who is county clerk of the county of Pottawatomie, to remove his office from Westmoreland to Louisville, the former county seat, and the place where the relator still claims that the county seat is located. The relator claims that both of said elections were void. On November 14, 1882, the defendant, Smith, filed a demurrer to the relator's petition, which demurrer was, on November 18, 1882, sustained by the court, and the court quashed, set aside and dismissed the relator's alternative writ of mandamus, and rendered judgment in favor of the defendant for costs. On June 8, 1883, six months and twenty days after this ruling, and after the rendition of this judgment, the relator, Clark, filed a petition in error in the supreme court, asking a reversal of the said ruling and judgment of the district court. On August 21, 1883, the defendant, Smith, filed a motion in this court to dismiss the relator's petition in error, upon the ground that such petition in error was not filed within the time prescribed by the statute for taking appeals in such cases.

Whether this motion should be sustained, or overruled, is the first question presented to this court for its consideration

and decision. As before stated, this action was brought solely and entirely under chapter 79 of the Laws of 1871, which chapter relates to contests of county-seat elections and other elections; and it was brought in the name of the state of Kansas by Clark, a private relator, as such actions may be brought under that statute, but under no other statute or law. ( *The State, ex rel. Wells, v. Marston,* 6 Kas. 524, 532; *The State, ex rel., v. Jefferson Co.,* 11 id. 66; *A. T. & S. F. Rld. Co. v. The State,* 22 id. 13, and cases there cited.) Section 7 of said statute, as amended in 1872, provides, among other things, as follows:

" All appeals from the judgment of the court upon proceedings instituted under this act shall be taken within sixty days from the date of its rendition." (Laws of 1872, ch. 126, § 1; Comp. Laws of 1879, ch. 36, ¶ 2281.)

All actions authorized by said chapter 79 of the Laws of 1871 must be brought in the district court, and no appeal in such actions or in any other civil action can be taken from the district court to the supreme court except by petition in error; and the relator, Clark, has instituted his appeal in the present case only by petition in error. The word "appeals" as used in said § 7, must mean appeals by petition in error, or it cannot mean anything. Unless it includes appeals by petition in error, the whole provision containing such word must be wholly nugatory, and the legislature which enacted it must have done a very foolish thing. Such should not be held to be the case if any other fair construction can be given to the statute. Appeals may be taken by petition in error, for this court has no jurisdiction of cases instituted originally in the district courts, except "appellate" jurisdiction, (Const., art. 3, § 3;) and yet all civil cases brought from the district court to the supreme court must be brought to the supreme court by petition in error. (See also § 9 of the act relating to contests of county-seat elections and other elections.)

This provision of § 7 of the act relating to contests of county-seat and other elections, we think clearly applies to this class of cases; and we do not think that § 556 of the civil code, as

amended in 1881, was intended to have or can have the force or effect to change or modify this provision in any respect whatever. Nor can § 9 of said chapter 79 have the effect to give any greater period of time within which to take appeals from the district court to the supreme court than that allowed by said § 7. It will therefore be seen that by said chapter 79, we have an act of the legislature giving a right to a private person to institute certain special proceedings in the name of the state of Kansas to effect certain public matters — a right not previously existing, and a right not now existing except by virtue of the provisions of said chapter 79, and an act providing that such proceedings can be removed from the district court to the supreme court only within sixty days after the rendition of the judgment of which the party appealing complains. Now if a party invokes the provisions of this act, he should certainly not repudiate a portion of its provisions.

After a careful consideration of this question, it is our opinion that the motion of the defendant to dismiss this action from the supreme court must be sustained. This action will therefore be dismissed.

All the Justices concurring.