E. B. CLARK v. THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

COUNTY BONDS; *Contest of Election.* A proceeding to contest an election held to vote upon a proposition to issue the bonds of a county for the purpose of building a court house and jail, cannot be brought by an elector, except by virtue of the provisions of article 7, chapter 36, Comp. Laws of 1879; and an appeal from a judgment rendered in such proceeding can only be taken within sixty days from the rendition of such judgment.

*Error from Montgomery District Court.*

ACTION bought by *Clark* to enjoin the issue of certain bonds declared to have been voted in Montgomery county. Judg-

ment for the defendant *Board of Commissioners*, at the March
Term, 1885. The plaintiff brings the case here. The opinion states the facts.

*Kirkpatrick & Vestal*, for plaintiff in error.

*J. D. McCue*, county attorney, *Wm. Dunkin, S. C. Elliott*,
and *L. U. Humphrey*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: An election was held in Montgomery county
in November, 1884, to vote upon the proposition to issue the
bonds of that county in the sum of $50,000, for the building
of a court house and jail. Upon a canvass of the vote, which
was made in due time, it was found that a majority of the
electors voting favored the proposition, and the result was so
declared. E. B. Clark, an elector of the county, desiring to
contest the election, brought this proceeding, charging that
the election board had failed to count all of the negative votes
which had been cast, and that a majority of the votes cast
were against the proposition; and he prayed that the board of
county commissioners be perpetually enjoined from issuing
the bonds declared to have been voted. At the time the proceeding was begun, an application for a temporary injunction
was made, based upon the verified petition and affidavits, but
the application was refused. The order refusing the temporary injunction was brought to this court for review, and
reversed, and the cause remanded. (*Clark v. Comm'rs of Montgomery Co.*, 33 Kas. 202.) The defendants then joined issue
with the plaintiff, and at the March Term, 1885, of the district court, a trial was had upon the merits, which resulted in
a judgment in favor of the defendants. From this judgment
the plaintiff appeals to this court. The defendants move here
to dismiss the case, for the reason that the appeal was not taken
within the time allowed by law. In support of the motion,
it is claimed, and we think it must be held, that the proceeding was brought and can be maintained solely under the
authority of chapter 79 of the Laws of 1871, (Comp. Laws
of 1879, ch. 36, art. 7.) By § 7 of that act, it is provided

*County bonds; contest of election; appeal within 60 days.* that "all appeals from the judgment of the court upon proceedings instituted under this act shall be taken within sixty days from the date of its rendition." The judgment in this proceeding was rendered on April 4, 1885, while the appeal was taken on June 26, 1885 — about eighty-two days after the rendition of the judgment. It will thus be seen that if the limitation quoted applies here, the motion must be sustained. In a recent case this provision was fully considered by the court, and it was there held that in proceedings brought under the act referred to, the sixty days' limitation applies and is controlling. ( *The State, ex rel., v. Smith*, 31 Kas. 129.)

It is contended in behalf of the plaintiff, that he can maintain the action independently of the right given by chapter 36 of the Comp. Laws of 1879, for the reason that he is a tax-payer, and that the defendants are threatening to do acts that will affect his personal rights, and that therefore he is not bound by the limitation referred to, but is entitled to a whole year in which to file his petition in error. This claim cannot be sustained. The admitted purpose of the proceeding is to contest the bond election. In his petition the plaintiff fails to allege any special or peculiar interest in himself independently of that which he holds in common with the other tax-payers of Montgomery county. The threatened action of which he complains, so far as the petition goes, will not result in any particular injury to the plaintiff, but it will merely affect him in common with the rest of the community. The mere fact that he is a tax-payer is not of itself sufficient to give him a right of action against the board of county commissioners. ( *Nixon v. School District*, 32 Kas. 510, and the numerous cases there cited.) We are of opinion that the plaintiff can maintain the action only by virtue of the statute above mentioned, and that having failed to appeal from the judgment of the district court within sixty days after its rendition, he has no standing in this court.

This proceeding will therefore be dismissed.

All the Justices concurring.