## THE CONSUMERS' GAS COMPANY OF KANSAS CITY, *Appellant,* v. THE KANSAS CITY GASLIGHT AND COKE COMPANY.

**Equity : INJUNCTION : CLAIM OF EXCLUSIVE FRANCHISE.** Equity will not intervene by injunction or otherwise to prevent one from asserting a claim of exclusive privilege in the manufacture and sale of a commodity, where there is no interference with the property of the complainant other than the mere claim of such exclusive privilege or franchise.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

THIS case presents for review a ruling of the circuit court, sustaining a general demurrer to plaintiff's petition, from which ruling plaintiff has appealed.

The pleading referred to is somewhat lengthy, but enough of it will be recited to indicate the nature of the case it makes, with reference to the questions of law discussed in the opinion of the court.

"Plaintiff complains and says:

"*First*. That the Consumers' Gas Company of Kansas City is a corporation * * * under the general law of the state of Missouri, * * * and that the purposes * * * for which said corporation was formed are * * * 'to manufacture, supply and vend gas and other illuminating agents, for heating, lighting or other purposes in said City of Kansas, state of Missouri.'

"*Second*. (The petition then alleges the performance of the acts said to be necessary to entitle plaintiff to manufacture, sell and distribute gas in Kansas City through mains and pipes in its streets.)

"*Third*. That the defendant is a corporation created by an act of the general assembly of the state of Missouri, approved February 20, 1865, entitled 'An act to incorporate the Kansas City Gaslight and Coke Company.' * * * That said act of the general assembly of the state of Missouri, approved February 20, 1865, did not vest in the defendant nor has it now any exclusive privileges for the erection of gas works, or laying of mains or pipes or for the distribution and sale of gas in the said City of Kansas. That defendant is the only company which has manufactured and furnished gas in said city, and it now alone so furnishes and manufactures gas.

"The plaintiff further states that the defendant has, ever since the organization of the said Consumers' Gas Company of Kansas City, wrongfully and falsely asserted, pretended and claimed, openly and publicly, an exclusive privilege of establishing and operating gas

works, laying pipes and mains, and vending gas in said Kansas City, and that it is now publicly and openly asserting, claiming and pretending the same, and does threaten to, and will, unless restrained by this honorable court, continue to so assert, pretend and claim. Moreover the said defendant has, ever since the organization of the said Consumers' Gas Company of Kansas City, wrongfully and falsely asserted, claimed and pretended, publicly and openly, that the said Consumers' Gas Company of Kansas City has no right or franchise to establish or operate gas works, or lay mains or pipes, or to distribute or sell gas, or to carry on its business in said Kansas City, without which the plaintiff's franchise and charter would be of no force, value or effect. And the defendant is still asserting, claiming and pretending the same, and threatens to, and unless restrained by this honorable court will, continue to so assert, pretend and claim. And, moreover, the defendant has, by notice in writing, dated June 12, 1883, notified the plaintiff that it will invoke all means which it may command to prevent the plaintiff from operating gas works in said Kansas City.

"The plaintiff states that the said claim, pretentions, threats, statements and notices of the defendant throw a cloud upon the title and right of plaintiff to its franchises and privileges under its charter and municipal grant; that its credit is thereby impaired, its stock is depreciated, and the usefulness and the value of its charter and franchises, and other property are practically destroyed, and the market value of the bonds of the plaintiff, which must be issued in order to construct its works, will be depreciated in value by such acts and doings of defendant, whereby the plaintiff will be greatly hindered in establishing and operating gas works, laying pipes and mains and distributing and selling gas in said Kansas City, and the purposes for which its charter and privileges were granted will be defeated to its great and irreparable injury.

"Wherefore the plaintiff prays this honorable court:

"*First.* To perpetually restrain and enjoin the defendant from setting up and pretending to possess such exclusive privileges; from impeding or preventing this plaintiff from its full enjoyment of its said rights, privileges and franchises, and from, in any manner casting a cloud over its rights and title thereto and to the full exercise thereof. *Second.* Judgment for the costs herein expended. *Third.* General relief."

*C. O. Tichenor* for appellant.

If plaintiff has the right claimed, is it entitled to the remedy asked? The acts of defendant have caused an injury which is not only continuing, but which will work the ruin of plaintiff. The damages complained of are irreparable, and for which no other adequate remedy exists. This is adequate and complete, and it is the same which courts give those having exclusive privileges, threatened by others, and for like reasons. It will not do to say that plaintiff must expend vast sums of money and complete the works in order to get into position to resist the attacks of defendant, for the method of warfare chosen by the enemy makes it impossible to reach this position. We submit the decisions are with us. *Railroad v. Railroad,* 69 Mo. 71; *Towne v. Bowers,* 81 Mo. 495; *Bank v. Kercheval,* 65 Mo. 682; *Gaslight Co. v. Gaslight Co.,* 27 La. Ann. 138; *Gaslight Co. v. Gaslight Co.,* 81 Ky. 263; *Memphis v. Dean,* 8 Wall. 73; *Wilson v. City,* 39 Wis. 164; *Mfg. Co. v. Stock-yard Co.,* 23 N. J. Eq. 166; *Commonwealth v. Railroad,* 24 Pa. 159; *Railroad v. Railroad,* L. R. 4 Eq. Cases, 174; *Watson v. Sutherland,* 5 Wall. 74.

*Broadhead & Haeussler* also for appellant.

It may be stated as a general proposition, that wherever the common law, or the statute law, gives a right, but has failed to provide a remedy, then a court of chancery has the power over the person subject to its

jurisdiction, either to enforce the right by mandatory injunction or to restrain the violation of it. It has no power to create the right, or by judicial legislation to make the law, but only to protect the right, where the courts of law do not afford sufficient remedy. If the plaintiff in this case has obtained a charter from the state of Missouri to manufacture and sell gas, "or to supply the City of Kansas with gas," and to lay conductors for conveying gas through the streets, lanes, alleys and squares of such city (R. S. of Mo., sec. 951), with the consent of the municipal authorities of the city, and has obtained such authority from said city, and another company claims and asserts from day to day the exclusive right to do the same thing, and this claim of exclusive privilege is without warrant of law, and the assertion of that right prevents the plaintiff from selling its stock and otherwise impairs the value of its franchise, and destroys its charter rights, a court of chancery in the exercise of its preventive jurisdiction may afford redress—even where there is a remedy at law, where that remedy is not an effectual remedy—in order to prevent a multiplicity of suits, or useless and uncertain and vexatious litigation. 1 Spence's Equitable Jurisdiction, p. 433. A court of law could not give the relief demanded, because it could not prevent the wrong, and it could only give compensation in damages by a multiplicity of suits, and tedious and vexatious litigation, and even then damages would not restore the franchise and give the plaintiff the right to do a legitimate business, which it is authorized to do under its charter. *Gaslight Co. v. Gaslight Co.*, 81 Ky. 263; *Gaslight Co. v. Gaslight Co.*, 27 La. Ann. 138.

*Gage, Ladd & Small* for respondent.

There is no equity stated in the petition; briefly stated it amounts to this: The respondent is a corporation claiming to possess under its charter an exclusive right to manufacture and sell gas in the City of Kansas;

the appellant claims that respondent's privilege is not an exclusive one, and that it possesses itself a similar right; that respondent's claim and assertion of an exclusive privilege is an injury to appellant, depreciates its credit, and renders its bonds and notes unmarketable, and that for this reason respondent should be enjoined from pretending to have this exclusive right. It is in effect an attempt to enjoin the respondent from scandalizing the appellant's claim or title. We cannot say that this proposition is unprecedented and unparalleled, for an injunction has been asked on similar grounds, but we submit that no greater absurdity was ever presented to a court. If this injunction had been granted, the respondent could have made no defense to an action brought by the State to declare a forfeiture of its rights under its charter, the only proceeding by which those rights can be forfeited. If a temporary injunction could have been obtained in this case the respondent could not have made a defense here, because every such defense would be a scandal against and injury to the appellant's claim and credit. This is not a case where an injunction is asked against a party, wrongfully in possession of a legal title, to restrain him from exercising that legal title to the injury of another, but it is a case in which it is claimed that, upon a fair construction of the statutes of this state, the respondent has no exclusive privilege, and that it must be enjoined from pretending, asserting or contending anywhere, that the appellant's construction of the statutes is wrong and that upon a true construction of the statutes its exclusive right is perfect. The same wrong and injury arises in all cases of conflicting claims and titles.

BARCLAY, J.—Giving to the petition the construction most favorable to the pleader, it yet states no cause of action for equitable relief. Plaintiff claims the right to manufacture and vend gas to the people of Kansas City and to adopt the needful and usual measures

for that purpose. It asserts that defendant's franchise to make and sell gas in that city is not exclusive but is claimed to be so by defendant; and that such claim of exclusive right and of an intention to assert it is an irreparable injury to plaintiff's credit and business, against the continuance of which an injunction and other proper relief should be granted.

As no intimation is thrown out of any insolvency of defendant we need not consider whether such an allegation would strengthen plaintiff's position on the pleadings. As they now stand the point in dispute is simply whether or not equity can properly intervene, by injunction or otherwise, to prevent defendant from asserting a claim of exclusive privilege in the manufacture and sale of gas in the circumstances already described.

Plaintiff does not allege that defendant is interfering in any way with the property of the former, further than by making the claim of exclusive privilege or franchise mentioned. As now presented, therefore, the case is an attempt to enjoin defendant from an alleged slander of the title and franchises of plaintiff. As such it is not one for equitable relief on the facts stated.

This question has been so lately and fully considered by a court of high authority, whose views on this point we approve, that we content ourselves with merely citing its opinions on the subject. In them will be found references to many other cases supporting the conclusion we announce. *Whitehead v. Kitson*, 119 Mass. 484; *Boston Dialite Co. v. Florence Mfg. Co.*, 114 Mass. 69.

Whether or not defendant has in fact the exclusive privilege claimed, is not material to the determination of this case.

We, therefore, regard the ruling of the trial court sustaining the demurrer to the petition as correct and affirm its judgment, in which all concur, except BRACE, J., absent.