THE COFFEYVILLE MINING AND GAS COMPANY v. THE
    CITIZENS' NATURAL GAS AND MINING COMPANY.—
    (Two Cases.)

1. INJUNCTION—*Practice.* The practice of granting temporary injunctions materially affecting the interests of the party enjoined, without notice, condemned.

2. RIVAL GAS COMPANIES—*Use of Streets.* A corporation organized for the purpose of supplying a city with natural gas, and authorized by an ordinance passed by the city council to use the streets and public grounds of the city for the purpose of laying its mains and pipes, has no standing in court to test the right of a rival company to use the streets for a similar purpose, or the validity of subsequent ordinances, under which the defendant claims the right to use the streets.

3. PETITION FOR INJUNCTION, *Demurrable.* A petition for an injunction which fails to show that the defendant threatens or intends to injure the plaintiff's property, or interfere with its rights, is demurrable. Mere averments that the plaintiff fears and believes that an injury will be done are insufficient.

*Error from Montgomery District Court.*

Two CASES have been filed in this court, both growing out of the same action in the district court of Montgomery county. The first was brought to review an order dissolving a temporary injunction granted by the probate judge of that county. In the other, error is alleged in sustaining a demurrer to the plaintiff's petition. The petition states in substance that the parties plaintiff and defendant are corporations; that the plaintiff was granted a franchise by the city of Coffeyville to use the streets and public grounds of the city for the purpose of laying its mains and pipes to furnish and distribute natural gas for heat and light to consumers in Coffeyville for the term of 21 years; that the plaintiff had expended a large amount of money in prospecting for and developing natural

gas, in erecting works and providing means for distributing and supplying it to the people of the city. The petition then alleges that certain persons named were members of the city council of Coffeyville, a city of the second class; that the parties named corruptly procured the passage of an ordinance by said city council granting to the defendant corporation a like franchise to that before given to the plaintiff; and that "said defendant claims that it has the exclusive privilege at this time to use the streets, avenues, alleys, roads, commons and public grounds of the said city, for the purpose of laying its mains and furnishing light and heat to the said city, and all persons, bodies or corporations within the same." The petition also states that an action was brought by the attorney-general to annul the privileges granted the defendant as before mentioned, and that the defendant, notwithstanding such proceedings, will, unless restrained, attempt to use the streets, etc., of the city to the exclusion of the plaintiff for carrying on its business under said ordinances, which the plaintiff alleges are illegal and void. The petition then proceeds:

"Plaintiff further states and shows to this court that it has no adequate remedy at law to prevent said defendant, its officers and employees, from committing any of the wrongs herein set forth; that unless they are restrained by order of this court, plaintiff fears and believes that said defendant, its officers, agents, and employees, will begin operations under its said illegal franchise so procured as aforesaid, and that in pursuit of their said employment in and about laying their mains and pipes through the streets and alleys of said city of Coffeyville that they will tear up and destroy and ruin the service and injure the business of said plaintiff, and will dig up and cross and go over the mains of the plaintiff, and that on account of the injury of its said

service said plaintiff will be subject to numerous suits for failing to render to its many patrons the service which it has contracted to perform; that the said defendant has, in divers places where they have crossed the mains of this plaintiff, already destroyed and injured its pipes and mains, and thereby caused plaintiff great expense and loss of time to repair the same. Said plaintiff fears that unless said defendant is restrained by an order of this court it will so trespass on the affairs of the business of this plaintiff that its property will become greatly damaged and injured by reason thereof.

"Wherefore, this plaintiff prays judgment against the said defendant that it be restrained and temporarily enjoined from operating and performing any work or operating its plant, or attempting to do so, under its said pretended franchise, as shown by ordinance 283 and 'Exhibit C;' that it be restrained and enjoined from interfering with the said plaintiff in the prosecution of its work under and by virtue of its ordinance, and that said defendant be restrained and enjoined from laying its pipes and mains over and across the mains and pipes of said plaintiff, and that the said ordinance 283 be adjudged null and void so far as it attempts to repeal the franchise granted to this plaintiff, and for such other and further relief as to the court may seem right and proper, and further asks for judgment for costs of this suit."

The district court dissolved the temporary injunction, sustained a demurrer to the petition, and dismissed the action, with costs. The plaintiff comes to this court.

*Gleed, Ware & Gleed,* for plaintiff in error; *Dooley & Keith,* of counsel:

1. The first ground of the demurrer must be overruled because it does not appear on the face of the petition that there is another cause of action pending. Code, § 89; Abbott's Trial Brief, 373; *Burrows v. Mil-*

*ler*, 5 How. Pr. 51; *Hornfager v. Hornfager*, 1 Code R. N. S. 412. The second ground of the demurrer has no point or application. The third ground of the demurrer admits all facts that are well pleaded to be true.

2. The setting aside by the district court of a temporary restraining order may be appealed from. *Andrews v. Love*, 46 Kas. 264; *The State v. Board*, 43 id. 195; *Drug Co. v. Gerson*, 43 id. 660; *Mead v. Anderson*, 40 id. 203; *Bertenshaw v. Hargrove*, 33 id. 668.

3. The demurrer in this case admits the facts alleged in the petition. Admissions in the pleadings are paramount to all proof to the contrary. *Blake v. Comm'rs of Johnson Co.*, 18 Kas. 266.

*Joseph Chandler*, and *J. D. McCue*, for defendant in error:

In this case there is not a single fact sworn to by Brown, who verifies the petition of the plaintiff. The allegation is that the plaintiff "believes and fears" that the defendant will do the acts set forth if not restrained. The plaintiff may "believe and fear" all this, but it is not stated that as a matter of fact the defendant will do so, or that it threatens to do any of the acts complained of. See *T. A. A. & N. M. Rly. Co. v. D. L. & N. Rly. Co.*, 27 N. W. Rep. 715; High, Inj., §§ 9, 36; *City of Atchison v. Bartholow*, 4 Kas. 138.

The fact that the defendant claims an exclusive franchise is no ground for injunction. A court of equity will not restrain, by injunction or otherwise, a person from asserting a claim of exclusive privilege in the manufacture and sale of a commodity when there is no interference with the property of the complainant further than by making the claim of an exclusive privilege or franchise. *Consumer's Gas Co. v.*

*K. C. Gaslight and Coke Co.*, 100 Mo. 501; same case, 18 Am. St. Rep. 563; *Flint v. Hutchinson Smoke Burner Co.*, 110 Mo. 492; same case, 33 Am. St. Rep. 476.

The plaintiff in its brief argues that the facts alleged in the petition are admitted by the demurrer filed in this case, and are paramount to all proof to the contrary. The code provides that when an injunction is allowed without notice, the "defendant at any time before trial may apply upon notice to the court in which the action is brought, or any judge thereof, to vacate or modify the same." Code, § 250. In *Challiss v. Comm'rs of Atchison Co.*, 15 Kas. 52, this court held that this motion could be made after filing of demurrer. The office of a demurrer in pleading is well understood. For the purpose of testing the sufficiency of the facts pleaded, it admits them to be true. The party may thereafter deny all the facts so pleaded and put the party to his proof.

The case of *Blake v. Comm'rs of Johnson Co.*, 18 Kas. 266, has no application to the case at bar.

The opinion of the court was delivered by

ALLEN, J.: The plaintiffs went before the probate judge of Montgomery county, and without notice obtained a full temporary injunction against the defendant, restraining it from the commission of any of the acts complained of in the petition. A bond for $200 only was required. This injunction, although afterward dissolved by the district judge, has been kept in force in the manner provided by statute. It is apparent that notice of the application could have been given as both parties were located at the same place. The practice of obtaining temporary injunctions affecting materially the rights of parties litigant without giving any notice

1. Injunction— practice.

or any opportunity to be heard is most reprehensible. Where it is necessary that a party should be restrained from an unlawful act, and there is occasion for immediate action, a temporary restraining order should be issued to operate only until such time as notice can be given and a fair opportunity afforded the party complained of to be heard. There is no safety in attempting to administer justice when one side alone can be heard. Parties and their attorneys can never be relied on to present the case fairly and truthfully in all respects. It is especially improper for a probate judge to grant such orders without notice. Indeed, we think the most a probate judge should ever do is to afford such temporary relief as the circumstances of the case urgently demand, to continue only until the application can be heard before the judge of the district court in which the action is pending. We have thought it necessary in this manner to condemn the practice resorted to in this case, for which, however, counsel who now appear are not responsible, as they were not then employed in the case.

The only questions of law necessary to be considered arise on the demurrer to the petition. The main scope and purpose of the plaintiff's action plainly is to prevent the defendant from laying mains and pipes in the streets of the city of Coffeyville for the purpose of supplying natural gas. In other words, it is to maintain a monopoly of its business. It seeks to test the validity of two city ordinances granting the defendant company the use of the streets, etc., and to restrain the defendant from using the privilege granted. For these purposes the plaintiff clearly has no standing in court. The city authorities are charged with the duty of preventing encroachments on the streets and public grounds. The proper public officers alone can test

the validity of the ordinances under which the defendant claims. The city did not in terms attempt to give the plaintiff company a right to the exclusive use of the streets and alleys for the purpose of laying its pipes. If it had attempted to do so, it could not for want of power. A private person or corporation will not be recognized in a court of justice as the guardian of purely public interests, nor to further its private ends by assuming that character. (*Craft v. Comm'rs of Jackson Co.*, 5 Kas. 518 ; *Bobbett v. The State, ex rel.*, 10 id. 9 ; *The State, ex rel., v. Marion Co.*, 21 id. 419 ; *Nixon v. School District*, 32 id. 510 ; *Comm'rs of Barber Co. v. Smith*, 48 id. 331.) It is apparent then that the plaintiff has no standing in court to litigate the principal questions it seeks to present. It can neither test the validity of the ordinances under which the defendant claims a right to act, nor could it, if no ordinances had been passed, try the right of the defendant to lay pipes in the streets for the purpose of supplying natural gas.

2. Rival gas companies— use of streets.

It only remains to be considered whether there are such averments in the petition as show a threatened interference with the private rights of the plaintiff. It is alleged that the defendant has, in divers places where it has crossed the mains of the plaintiff, destroyed and injured its pipes and mains, but it is not alleged that the defendant is preparing, threatening or about to do any further injury to the plaintiff's property. The rule is well settled that on a demurrer the averments of the pleading demurred to are to be strictly construed against the pleader. Nothing is to be inferred. Under our system of practice, which is so liberal in the allowance of amendments, no harm can come from adherence to this rule. The only aver-

ments in the petition with reference to any contemplated injury to its rights are that the defendant claims that it has the exclusive privilege to use the streets, etc., to the exclusion of the plaintiff; and that the plaintiff "fears and believes" that the defendant "will tear up and destroy and ruin the service and injure the business of said plaintiff, and will dig up and cross and go over the mains of the plaintiff;" and that "said plaintiff will be subjected to numerous suits for failing to render to its many patrons the service which it has contracted to perform." Undoubtedly, the plaintiff may obtain an injunction when necessary to restrain the defendant from injuring its mains or pipes or other properties so as to interfere with the conduct of its business; but, before the defendant can be subjected to the expense and vexation of a lawsuit, it must be shown that it is threatening or preparing to perpetrate some wrong. Injunctions cannot be obtained on the visionary basis of fears or beliefs. It is only actual unlawful purposes made evident by acts or declarations that furnish a valid foundation for the interposition of the strong arm of the law by injunction. (*Jones v. Railroad Co.*, 39 Ga. 138; *Portland v. Baker*, 8 Ore. 356; *Holdrege v. Gwynne*, 18 N. J. Eq. 26; *Turnpike Co. v. Board of Supervisors*, 13 Cal. 190; *McHenry v. Jewett*, 90 N. Y. 58; High, Inj., § 34.) No act or declaration of the defendant is shown indicating a purpose to injure plaintiff's property. It is not even contended in argument that any real injury to the plaintiff's pipes had been done or was threatened. On the contrary, affidavits contained in the case-made (which, however, are of course not to be considered on this demurrer as affecting our decision) show that the defendant has not injured the plaintiff's pipes or

*3. Petition for injunction, demurrable.*

mains at all. We mention this only because it seems evident that the main and really the only substantial purpose of the plaintiff in this case is to prevent the defendant from competing with it in supplying gas to the people of Coffeyville, and that no wrong will be done by a strict construction of the language employed in the petition. As to the allegation of a claim of exclusive right, courts do not interfere by injunction to restrain unfounded claims. ( *Gas Co. v. Gas Light, etc., Co.*, 100 Mo. 501; 18 Am. St. Rep. 563.)

It is said in the petition that the city council by the ordinances under which the defendant claims, attempted to repeal ordinance No. 241, granting the plaintiff its privileges. Copies of the ordinances are attached to the petition. We fail to find any language in either ordinance indicating any purpose of the city council to repeal ordinance No. 241. In ordinance 283, § 7 reads: "All ordinances or parts of ordinance in conflict with this are hereby repealed." As ordinances Nos. 275 and 283 both relate to the privileges granted the defendant company, we think it evident that the council had reference only to ordinance No. 275 in the section quoted. The rights of the plaintiff under ordinance No. 241 were not taken away by the subsequent ordinance, but a concurrent right to the use of the streets, etc., was thereby given to the defendant.

The ruling of the district court in dissolving the temporary injunction and sustaining the demurrer was right, and the judgment is affirmed.

All the Justices concurring.