## MORGAN v. NEELY.    (No. 10016.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 17, 1921.)

1. Injunction ⬤⟹118(2)—Petition to enjoin tenant from preparing land for next year must allege injury.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, subds. 1, 3, authorizing injunctions in certain cases, a petition by a landlord which alleged that defendant was his tenant in possession under a lease for the current year, and that the tenant, claiming some right to possession for the following year, was preparing the ground and would plant crops which would entitle him to possession during the following year, but without alleging that the acts of defendant would injure the land in any way, does not entitle plaintiff to an injunction to restrain the plowing and planting by defendant.

2. Injunction ⬤⟹118(3)—Allegation of malice essential to petition to enjoin slander of title.

A petition to enjoin acts by defendant .as tenant on plaintiff's land cannot be sustained as a petition to enjoin slander of title where it did not allege defendant's claim of right to retain possession of the land for another year was made maliciously.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit for injunction by W. S. Neely against George Morgan. From a judgment granting the injunction prayed for, defendant appeals. Reversed, and injunction vacated.

Graves & Houtchens, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellee.

BUCK, J. Plaintiff, W. S. Neely, filed a verified petition for injunction in the district court of Tarrant county against George Morgan, alleging that plaintiff was the owner in fee simple of certain lands and improvements thereon, and had rented or leased said premises to the defendant for the year 1921, and in pursuance thereof the defendant entered upon said premises, used and occupied the same, and was still in possession thereof, using and occupying the same under and by virtue alone of the said 1921 rental or lease agreement. Plaintiff further alleged:

"That defendant is setting up some character of claim or interest in and to said premises for the year 1922; that he is beginning to break the farm land, pursuant to the planting of crops for the year 1922, and is about to plant certain crops thereon that will not and cannot mature until the latter part of the year 1922; that said defendant is asserting a claim to said premises for said year 1922, and thereby plaintiff is unable to make a contract or agreement with any one else to the rental thereof, whereby he is damaged in the sum of $1,000.

"Plaintiff shows to the court that, if defendant·is permitted to continue to plant his crops thereon, to break said lands, and prepare them for the crop year of 1922, all of which he will do unless restrained, that plaintiff will be irreparably injured; that he had no adequate remedy at law save and except to seek to restrain defendant from asserting claim to said premises for the year 1922, and from breaking the lands thereon, and from planting 1922 crops thereon; that plaintiff has said premises rented for the year 1922 to another party, but is unable to close said contract with said party on the account of the adverse claim thereto for the year 1922 by defendant, and, unless defendant is so restrained as herein prayed for, he will be wholly unable to make said agreement or to lease said premises for said year 1922, and thereby he will be irreparably injured."

The defendant, George Morgan, answered by verified answer, and, after general demurrer and general denial, answered:

"For further answer herein, if the same be necessary, and without waiving the demurrer heretofore urged, but insisting upon the same, defendant would show to this honorable court that during the summer of 1921 he entered into a contract with the plaintiff herein whereby he was to tend the farm and the land in plaintiff's petition described for the year 1922, beginning with January 1, 1922, and ending December 31, 1922, and that, pursuant to said contract, the defendant has done certain plowing and made preparation for the planting of crops for the year 1922, and is thereby entitled to possession now and through the year 1922.

"Defendant says that on account of the fact that he has entered into a rental contract with the plaintiff herein that he has a perfect right not only to possession of the said place, but to make all necessary preparations for the farming of said land for the coming year, and that he has a perfect right to set up and assert a claim to said property for the coming year, and that his asserting said rights and tending said farm is not injurious nor calculated to be injurious to the plaintiff for the reason that defendant has been a satisfactory tenant of plaintiff on said farm for nine years, and that plaintiff will, if the defendant is ousted from said place, rent said farm to another, and defendant alleges that he would tend and care for said farm in as good and farmlike manner as any other person; therefore plaintiff would not have and could not be damaged in any manner whatsoever, but would be, on the other hand, benefited by the defendant's· plowing and remaining on said farm.

"Defendant says that, if the honorable court would grant the injunction as prayed for by the plaintiff, it would work great hardship and do great and irreparable damages to him and injure him in great amount and amounts much greater than plaintiff could be damaged in the event his contentions were true."

From a judgment enjoining defendant "from preparing the above ground or any part thereof for sowing or planting crop or crops thereon which will mature for the year 1922 and from planting any crop on said premises which will mature for the year 1922," the defendant has appealed.

While there is a statement of facts in the record, both parties brief the case upon the question of whether the court erred in granting the injunction on the petition filed, and we will in our discussion omit any reference to the evidence as contained in the statement of facts, and direct our consideration to the sufficiency of the petition, aided, as it may be, by allegations in the answer.

[1] Article 4643, V. S. Tex. Civ. Statutes, provides that a writ of injunction may be granted:

"1. Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant. * * *

"3. In all cases where the applicant for such. writ may show himself entitled thereto under the principles of equity, and as provided by statutes in all other acts of this state, providing for the granting of injunctions," etc.

In Emde v. Johnson (Tex.Civ.App.) 214 S. W. 575, writ denied, it is said:

"In a petition for injunction, the averments of material and essential elements must be sufficiently certain to negative every inference of the existence of facts under which petitioner would not be entitled to relief. Gillis v. Rosenheimer, 64 Tex. 246; Birchfield v. Bourland, 187 S. W. 422."

[2] Plaintiff did not allege in his petition that the preparation of the land for crops · which would mature in 1922 and the planting of such crops would injure his land, or that plaintiff would be damaged thereby. The judgment does not enjoin defendant from claiming that he has a contract or agreement with plaintiff to rent the land for the year 1922. In 17 R. C. L. p. 458, subd. 221, it is said:

"The right to enjoin the act of slander of title has been denied, where there is no interference with the property of the complainant, further than denying his right to the same, and no breach of trust or of contract involved on the ground that a court of equity has no power to restrain a slander or libel, whether of a person or his property."

Under subdivision 218, p. 456, of the same volume, the author says:

"In an action for slander of title, or for disparagement of goods or property, it is essential that the plaintiff prove that the defendant acted maliciously in uttering the words in question."

See Holt v. Parsons, 23 Tex. 9, 76 Am. Dec. 49.

If plaintiff had a cause of action for libel or slander of title, under the Texas decisions, which, according to certain Supreme Court decisions, such as Haldeman v. Chambers, 19 Tex. 1, and Smith v. Adams, 27 Tex. 28,

seems doubtful, yet, inasmuch as the proof of malice in a suit for slander of title is essential, the allegation of malice would also be necessary. The petition does not contain any such allegation. Hence we conclude that plaintiff did not show any ground for injunction on the theory that defendant's acts and words constituted a slander of the title to plaintiff's land. See, also, Gas Co. v. Gaslight & Coke Co., 100 Mo. 501, 13 S. W. 874, 18 Am. St. Rep. 563; Boston Diatite Co. v. Florence Mfg. Co., 114 Mass. 69, 19 Am. Rep. 310; Flint v. Burner Co., 110 Mo. 492, 19 S. W. 804, 16 L. R. A. 243, 33 Am. St. Rep. 476. These cases sustain the conclusion that equity has no jurisdiction to enjoin a slander of title of property, at least not until the existence of such slander has been established by a jury in an action at law.

The petition does not directly deny that the defendant had the farm leased for the year 1922, though it does state that the defendant was "using and occupying the same under and by virtue alone of the said 1921 rental or lease agreement." Hence perhaps it should be held that there is a denial of the fact that the defendant had a lease on the premises for the year 1922. But, inasmuch as the petition fails to allege that any injury to the land or damage to plaintiff was caused by defendant's plowing the land, we have concluded that the petition fails to state a cause of action.

In City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. E. 459, writ of error denied, quoting from Harrison v. Crumb, 1 White & W. Civ. Cas. Ct. App. § 992, it is said:

"The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

The judgment below is reversed, and the injunction granted is ordered vacated.