No. 27,400.

H. E. GUILICK et al., *Appellants*, v. THE CITY OF CHERRYVALE et al., *Appellees*.

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Street Paving Contracts by Second-class Cities —
Raising Engineer's Estimate to Correct Error.* A city of the second class in
letting a contract for paving a street does not act without authority nor in
violation of law where it permits the engineer employed by it to raise his
estimate of the cost of the work to be done in improving the street, before
the contract is made for the performance of the work if the raise in the esti-
mate is made to correct an error therein.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opin-
ion filed December 11, 1926. Affirmed.

*J. A. Brady*, of Cherryvale, for the appellants.

*Sullivan Lomax*, of Cherryvale, *Thomas E. Wagstaff* and *Jay W. Scovel*, both
of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs seek to enjoin the defendants from
paving a street in the city of Cherryvale. Judgment was rendered
in favor of the defendants on their demurrer to the evidence of the
plaintiffs, who appeal.

The evidence on the question presented by the plaintiffs is that
the engineer employed by the city made an estimate of the cost of
the improvement and filed that estimate three days before the letting
of the contract for the improvement; that bids were advertised for,
were received, were opened, and were tabulated; that after the bids
were received the engineer stated that his estimate was a little too
low on the type of pavement afterwards contracted for, because he
had left out an element of the cost of making the improvement, which
element should have been included in his estimate; that he suggested
the estimate be raised, which he did; and that the minutes of the
board of commissioners showed the following:

"Motion made by Commissioner Hoffman that the engineer raise his esti-
mate on native lake asphalt on a macadam base. Motion seconded by Com-
missioner Welte. Motion carried."

The evidence further showed that after the estimate had been

Municipal Corporations, 28 Cyc. p. 1013 n. 28.

raised, a contract was entered into between the city and the defendant, C. F. Brindle, who was the lowest bidder. It is contended by the appellants that raising the estimate of the engineer after the bids were received and before the contract was let destroyed competition in the bidding and rendered the contract illegal. No other question is presented concerning the validity of the proceedings for the improvement.

Section 14-440, which governs cities of the second class, reads:

"Before the city council shall make any contract for building bridges or sidewalks or for any work on streets, or for any other work or improvement, an estimate of the cost thereof shall be made by the city engineer and submitted to the council; and no contract shall be entered into for any work or improvement for a price exceeding such estimate."

Cherryvale is a city of the second class. No statute has been cited and the court has been unable to find any which requires cities of the second class to advertise for bids or to let contracts for street improvements on competitive bidding or to the lowest responsible bidder. The plaintiffs cite that part of section 13-1017 relating to cities of the first class, which reads:

"If no responsible person shall propose to enter into the contract at a price not exceeding the estimated cost, all bids shall be rejected and the same proceedings as before repeated until some responsible person by sealed proposal shall offer to contract for the work at a price not exceeding the estimated cost."

The statute from which this language is taken requires cities of the first class, in letting contracts for street improvements which cost more than one thousand dollars, to advertise for sealed bids and to let the contract to the lowest responsible bidder.

The plaintiffs say that this statute has been construed by this court to apply to cities of the second class, and that the following language taken from *Warner v. City of Independence*, 121 Kan. 551, 557, supports their contention:

"Specifications must be framed to permit free and full competition, and that the public officials, after selecting the lowest and most responsible bidder, may not enter into a contract with him by yielding substantial concessions beneficial to him which were not included in or contemplated in the terms and specifications upon which bids were invited."

That case concerned a city of the first class operating under a statute which requires cities, acting in conjunction with the board of county commissioners of the county, in improving streets and public

roads to advertise for bids for the work to be done and to let the contract to the lowest responsible bidder.   (R. S. 12-651.)

Section 14-440 of the Revised Statutes requires an estimate to be made before a city council of a city of the second class shall make any contract for any work on streets, but does not require an estimate to be made before the city shall advertise for bids, and does not require that the city shall advertise for bids for the work to be done, nor that the contract therefor must be let to the lowest responsible bidder.   An estimate in the present case was made before the contract was entered into.   There was an error in the estimate; that error was corrected by raising the estimate, and the contract was then entered into.   The city did not act without authority nor in violation of law.

The judgment is affirmed.