No. 27,085.

THE STATE OF KANSAS, *Appellee,* v. CLYDE BROWN, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*New Trial—Waiver of Ground Tendered in Affidavit.* Affidavits undertaking to state facts warranting a new trial in a criminal case were made and filed on the day sentence was pronounced. Motion for new trial had previously been presented and denied. When asked if he had any sufficient cause to urge why sentence should not be pronounced, defendant replied in the negative. *Held,* the grounds for new trial tendered in the affidavits were waived.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed February 12, 1927. Affirmed.

*Edgar Foster, Horace J. Foster* and *W. C. Pearce,* all of Garden City, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Ray H. Calihan,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of having intoxicating liquor in his possession, and appeals.

The errors discussed in defendant's brief are that the court gave the jury an instruction when defendant and his counsel were not personally present, and the jury was guilty of misconduct in that it returned a compromise verdict. If well founded in fact and law, these were grounds for new trial, and unless urged by motion for new trial, were waived. The basis of fact appears in affidavits made and filed on January 16, 1926. The verdict was returned on December 17, 1925. The motion for new trial was presented and was denied on December 18, 1925. Defendant was sentenced on January 16, 1926. The journal of the proceeding discloses that before he was sentenced he was asked if he had any sufficient cause to urge why sentence should not be pronounced against him, and he replied in the negative. The result is, the grounds for new trial tendered in the affidavits were waived.

The judgment of the district court is affirmed.

Criminal Law, 16 C. J. pp. 1217 n. 42, 1218 n. 53.