No. 27,400.

H. E. GUILICK et al., *Appellants*, v. THE CITY OF CHERRYVALE et al., *Appellees*.

OPINION DENYING A REHEARING.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion denying a rehearing filed February 12, 1927. (For original opinion of affirmance see *ante*, p. 210.)

*J. A. Brady*, of Cherryvale, for the appellants.

*Sullivan Lomax*, of Cherryvale, *Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action, an opinion was filed December 11, 1926, *Guilick v. City of Cherryvale*, 122 Kan. 210, 252 Pac. 905. The court there said:

"The plaintiffs say that this statute has been construed by this court to apply to cities of the second class, and that the following language taken from *Warner v. City of Independence*, 121 Kan. 551, 557, supports their contention:

" 'Specifications must be framed to permit free and full competition, and that the public officials, after selecting the lowest and most responsible bidder, may not enter into a contract with him by yielding substantial concessions beneficial to him which were not included in or contemplated in the terms and specifications upon which bids were invited.'

"That case concerned a city of the first class operating under a statute which requires cities, acting in conjunction with the board of county commissioners of the county, in improving streets and public roads to advertise for bids for the work to be done and to let the contract to the lowest responsible bidder. (R. S. 12-651.)" (p. 211.)

. A motion for rehearing has been filed by the plaintiff in which attention is called to the statement contained in the former opinion that Independence is a city of the first class. Independence is a city

of the second class. The court was in error when it stated that Independence is a city of the first class. Does that error necessitate a different conclusion in this case? All that the court said in *Warner v. City of Independence,* supra, may be given full effect, and no change in the conclusion reached in the present case is thereby made necessary. There is no statute requiring "cities of the second class to advertise for bids or to let contracts for street improvements on competitive bidding, or to the lowest responsible bidder."

Attention has been given to all matters presented in the motion for rehearing, and it is denied.