HARRISON B. NIXON v. SCHOOL DISTRICT No. 92, McPHERSON COUNTY, et al.

SCHOOL DISTRICT, *Action Against, Not Maintained.* A private person cannot, by virtue of being a citizen and tax-payer, maintain an action against a school district or its officers where the act complained of affects merely the interests of the public in general, and not those of such private person in particular.

### Error from McPherson District Court.

THE plaintiff *Nixon* alleges error in an order made by the district judge, at chambers, February 27, 1884, dissolving a temporary restraining order. The facts appear in the opinion.

*Frank G. White,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff, Harrison B. Nixon, commenced an action in the district court of McPherson county, Kansas, against the defendants, School District No. 92, of McPherson county, and the officers of such district, to restrain them from erecting, or attempting to erect, a school house upon a certain site designated and described in the plaintiff's petition. A temporary restraining order was granted by the probate judge of the county. Subsequently the defendants filed a motion to dissolve the temporary restraining order, which motion afterward came on to be heard before the judge of the district court at chambers, and the motion was sustained and the temporary restraining order dissolved. The plaintiff duly excepted, and now brings the case to this court, asking for a reversal of the order of the judge below dissolving such temporary restraining order. The temporary restraining order was dissolved upon the ground that the plaintiff had no sufficient interest in the subject-matter of the action to enable him to maintain the action. The only interest which the plaintiff has in the action he has stated in his petition as follows:

"Plaintiff further says that he is a citizen and tax-payer of said School District No. 92, in said county and state; that the question involved in this case is one of common or general interest to many persons; that the parties are very numerous, and it is impracticable to bring them all before the court, and he brings this action for the benefit of all."

A private person cannot, by virtue of being a citizen and tax-payer, maintain an action against a school district or its officers where the act complained of affects merely the interests of the public in general, and not those of such private person in particular. ( *Craft v. Comm'rs of Jackson Co.,* 5 Kas. 518; *Bobbett v. The State, ex rel. Dresher,* 10 id. 9; *Turner v. Comm'rs of Jefferson Co.,* 10 id. 16; *Bridge Co. v. Comm'rs of Wyandotte Co.,* 10 id. 326, 331; *The State, ex rel., v. Comm'rs*

*of Jefferson Co.,* 11 id. 66 ; *Miller v. Town of Palermo,* 12 id. 14 ; *A. T. & S. F. Rld. Co. v. The State,* 22 id. 13, and cases there cited.)

The plaintiff does not allege that he has any interest in the subject-matter of the action special or peculiar to himself, nor any interest therein except such as results from his being a citizen and tax-payer. He alleges "that the question involved in this case is one of common or general interest to many persons; that the parties are very numerous, and it is impracticable to bring them all before the court," intending to bring himself within the provisions of § 38 of the civil code; but he does not allege or show that any of the other parties have any more interest in the subject-matter of the action than he has, nor indeed as much. They may not even be citizens or tax-payers. But supposing that they are, they have no more right to bring the action than he has. If the school district or its officers are doing anything wrong, it is for some person who has some special interest in the matter, or some public officer, to bring the action.

The order of the judge of the court below sustaining the defendants' motion and dissolving the temporary restraining order will be affirmed.

All the Justices concurring.