No. 24,000.

JOHN J. GORMLEY et al., *Plaintiffs*, v. RURAL HIGH-SCHOOL BOARD OF RURAL HIGH-SCHOOL DISTRICT NUMBER 5, DONIPHAN COUNTY, et al., *Defendants*.

SYLLABUS BY THE COURT.

MANDAMUS—*Calling Election—Disorganization of Rural High-school District —Parties*. Persons who are residents, citizens, electors and taxpayers of a rural high-school district and have children of high-school age do not have such a special interest peculiar to themselves in the calling of an election to vote upon the disorganization of the district as will entitle them to maintain an action of mandamus in their own names to compel the school board to call such election.

Original proceeding in mandamus. Opinion filed February 11, 1922. Dismissed.

*H. C. Doyle,* of Kansas City, Mo., for the plaintiffs.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* all of Topeka, and *Edwin Brown,* of Troy, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding in mandamus to compel the rural high-school board to call a special election in the district to vote on the disorganization thereof. It is alleged that a proper petition, signed by two-fifths of the legal electors residing within the district, had been presented to the board asking that it call an election to vote on the proposition of disorganization, but that they had failed and refused to issue the call.

It appears that the organization of the school district was authorized by an election held on September 13, 1919, only three votes being cast against the proposition. Subsequently an election was held upon the call of the county commissioners to vote upon the question of the issuance of bonds to build a schoolhouse in the district, at which a majority voted in favor of the bonds. In a subsequent legal proceeding it was held that the commissioners of Doniphan county had no authority to call the election, and hence another petition to the rural school-district board was presented, upon which an election was called on July 25, 1921, and the majority of the votes were cast in favor of the issuance of the bonds. In pursuance of that authority the board entered into a contract for the sale of the bonds and they have since been issued and sold. Since the organization of the school district a school has been main-

tained, buildings leased, and contracts entered into with teachers during the school years of 1920 and 1921. · It is contended, however, that some of the steps taken towards the sale and disposition of the bonds were taken since August 23, 1921, when the petition was filed with the clerk of the board asking that an election be called for the disorganization of the district, and that the steps taken were irregular and illegal.

The question presented on this application is whether or not the plaintiffs have legal capacity to maintain the action. The averment in that regard is that the petitioners are citizens of Doniphan county, Kansas, are residents within the rural high-school district number 5, are taxpayers and electors in said district, and that each of the petitioners is the head of a family, residing in said district, and having a child or children of high-school age, and by reason of that fact are especially interested in the subject matter of the action. The defendant contends that on their own statement they do not show such a special interest as authorizes the mantenance of the action. The extraordinary remedy of mandamus is given to compel the performance of public duties, and ordinarily where public rights are to be subserved the remedy can only be invoked by the county attorney or attorney-general, the officers entrusted with the discretion and authority to represent the public in the courts. (*Bobbett v. The State, ex rel. Dresher,* 10 Kan. 9; *Nixon v. School District,* 32 Kan. 510, 4 Pac. 1017; *Clark v. Comm'rs of Montgomery Co.,* 34 Kan. 632, 9 Pac. 756; *Mining and Gas Co. v. Gas and Mining Co.,* 55 Kan. 173, 40 Pac. 326; *Titus v. Sherwood,* 81 Kan. 870, 106 Pac. 1070.) An exception to the general rule is made where the person who seeks the remedy has a special or peculiar interest of his own independent of that which he holds in common with people generally. What interest do the plaintiffs have separate and peculiar to themselves to compel officers to perform the public duty of calling an election? That must be determined from the averments in their petition. The purpose of the proceeding is as we have seen to compel the board to take the preliminary steps towards the disorganization of the district. They allege that they are residents, citizens, electors and taxpayers of the district, but obviously those holding these relationships have no special interests not held by other residents, citizens, electors and taxpayers of the district. In an effort to show that they stand in a peculiar and independent attitude, having an interest not held in common

with people of the district, they allege that each plaintiff is the head of a family and has a child or children of high-school age. That fact, however, does not distinguish them from other citizens of the district who have children of high-school age. They are not seeking to have a school built and maintained at which their children may be educated, but are asking that steps be taken to dissolve a district already organized and to discontinue a high school that has been established. There can be no special interest in having their children deprived of high-school advantages. Much reliance is placed by plaintiffs upon *Young v. Regents of State University,* 87 Kan. 239, 124 Pac. 150, but it is manifest that the present case does not come within the rule of that one. There the legislature had provided for a school of mines and metallurgy in the mining region of the state. The plaintiff was a miner living in the region and desired to avail himself of the education and training which the legislature had provided for himself and others of his class. He was eligible to enter the school and had already taken some of the courses required to be taught there and had a son likewise eligible whom he desired to educate at the school. Although recognized as a border case the miner was rightly held to have a special and peculiar interest in the proffered training and education which warranted him in bringing an action to compel the regents to establish and maintain the school. Here, the plaintiffs are not moving to procure a school for themselves or their children, but are seeking to block or prevent the erection and maintenance of such a school. Their action indicates that they do not wish their children to attend the high school, and this they may accomplish without resorting to a writ of mandamus. Of course, they are interested as taxpayers in the disorganization of the district, and the levies that may be made for the erection of a school building, and the maintenance of a school, but this is an interest common to all the taxpayers of the district, and this under the authorities cited gives them no right to maintain mandamus or assume the functions of the county attorney or attorney-general. Private citizens having no special interest may not employ mandamus to compel officers to perform what they may deem to be the duties of such officers.

"To allow any citizen to litigate with public officers the propriety of their acts, exposes them to constant litigation. If one may, so may another. If one act may be litigated, so may all; and so the time, attention and thought of the officer diverted from the duties of his office to the defense of harassing suits." (*Bobbett v. The State, ex rel. Dresher,* 10 Kan. 9, 14.)

The State, *ex rel.*, v. Kansas City.

. In seeking to disorganize the district, the plaintiffs stand in the attitude of other residents and taxpayers of the district and must apply to the officers authorized to represent the public in proceedings brought to accomplish that end.

The motion to dismiss the action brought by plaintiffs must therefore be sustained.