No. 27,080.

T. J. Warner et al., *Appellees*, v. The City of Independence and A. G. Sherwood, *Appellants*.

No. 27,081.

T. J. Warner et al., *Appellees*, v. The City of Independence et al., *Appellants*.

SYLLABUS BY THE COURT.

1. Appeal and Error — *Decisions Reviewable — Moot Issues — Judgments Acquiesced in.* In an action brought under authority of section 265 of the civil code (R. S. 60-1121) by taxpayers claiming to be peculiarly affected by an alleged unlawful letting of a contract to pave a street and public road, where the work was enjoined, and the defendant public officials concerned therewith so far acquiesced in the judgment as to rescind and set aside so much of their proceedings as were held to be invalid and proceeded to let another contract for the improvement of the street and road, all questions touching the correctness of the judgment thus acquiesced in are moot and the appeal must be dismissed.

2. Municipal Corporations—*Street Improvements—Submission to Competition—Lowest Responsible Bidder.* Where, pursuant to a statute authorizing the paving of a city street and country road at the discretion of the city and county boards of commissioners, bids were invited and two bids were received, and upon consideration that the low bidder had little experience in paving and was not equipped with machinery to do the work, and that the higher bidder had much experience in such work and had the proper equipment for it, the city and county boards decided that the contractor making the higher bid was in fact the lowest responsible bidder and awarded him the contract. A contract so awarded and executed presented no such legal infirmities as would give rise to a cause of action in behalf of private taxpayers under authority of section 265 of the civil code to enjoin the assessment and levy of taxes to pay for the improvement of the street and road so contracted for; nor did such a cause of action in such taxpayers' behalf arise because there was included in such contract a stipulation that the contractor would waive a colorable claim for damages against the city and county for rescission of an earlier contract, nor because the contractor voluntarily scaled down his bid to meet that of his competitor

---

Appeal and Error, 4 C. J. p. 649 n. 35; 2 R. C. L. 169. Municipal Corporations, 28 Cyc. pp. 1020 n. 3, 1032 n. 21.

whose bid was rejected because of his want of experience in that particular kind of work and want of machinery to do it.

Appeals from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 10, 1926. Case No. 27,080 dismissed; case No. 27,081 reversed.

*B. W. Berg,* county attorney, *Charles D. Shukers,* city attorney, *John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellants.

*Thurman Hill,* of Independence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: These appeals are concerned with the questioned regularity of certain proceedings undertaken by the city of Independence and the county of Montgomery to pave a street and highway situated on the western limits of that city and extending a short distance out into the country.

In case No. 27,080, pursuant to the statute (R. S. 12-647 *et seq.*) authorizing the county and city governments to coöperate in the construction of improved streets or highways which bound the city on one side and the open country on the other and in certain situations analogous thereto, the defendant boards of commissioners of the city and county determined to pave part of West Laurel street in Independence in the western part of the city and extending five-eighths of a mile beyond the city limits.

The usual preliminaries attendant on such project were complied with, and the two governing boards met and adopted the requisite resolutions and made timely compliance with all the directions of the statute down to receiving of bids for the construction of the improvement. At that point trouble began. One A. G. Sherwood submitted a bid to pave the street and road with brick for $27,-546.71 or with concrete for $24,138.20. The city and county boards accepted Sherwood's offer to pave with brick at the higher figure, and a contract to that effect was awarded him on December 16, 1925.

The plaintiffs, who claim to be property owners and taxpayers specially affected by the improvement, filed this action, setting up the fact that the bid and its acceptance, and the contract of December 16, 1925, for the improvement made in conformity therewith, were for a sum in excess of the engineer's estimates to the extent of some $3,805.51. They alleged that their properties were threatened

with an unlawful burden of taxation on account of such illegal letting of the contract, and prayed for an injunction.

Demurrers on behalf of the city and county boards were filed and overruled. It was agreed between the parties that the cause should be tried on the pleadings, and the trial court held:

"That the contract let by the defendants, the city of Independence, Kan., and Montgomery county, Kansas, to A. G. Sherwood upon December 16, 1925, was and is null and void for the reason that said contract was let to said contractor at a price that exceeded the estimate made for said public improvement by the county engineer.

"The court further finds that all proceedings by the defendants, the municipal corporations, were regular and legal except the letting of said contract."

Judgment was entered accordingly. In part the decree reads:

"It is therefore  .  .  .  ordered, adjudged and decreed that the said defendants be and they are permanently restrained and enjoined from proceeding with the paving  .  .  .  under their said contract with the said A. G. Sherwood; and it is further ordered,  .  .  .  that  .  .  .  [defendants] may, if they so elect, repeal and rescind the orders, proceedings, resolutions and contract made upon December 16, 1925, and may proceed to call for new estimates, plans and specifications from the city or county engineer and  .  .  .  may proceed in conformity with the laws of Kansas in letting contracts for said paving."

Defendants appeal, assigning error on the trial court's ruling on the demurrer, and on the order granting the injunction. A painstaking brief is presented in defendants' behalf, but counsel for plaintiffs raise the point that the legal questions have become moot because defendants have so far acquiesced in the judgment of the trial court as to adopt resolutions repealing and rescinding the orders, proceedings, resolutions and contract with Sherwood of December 16, 1925, and have called for new estimates, new bids, and have awarded a new contract for the improvement of the street and road.

Plaintiffs' point is well taken. A judgment which is acquiesced in, in whole or in part, is not open to appellate review. (*Bank v. Bracey,* 112 Kan. 677, and citations, 212 Pac. 675.)

We pass then to the consideration of case No. 27,081, which is in effect a sequel to the one just discussed.

The county and city officials caused new estimates to be made, new bids to be invited. Two contractors made bids as follows:

Lester Hudson .................................... $26,759.70
A. G. Sherwood ................................. 27,679.75

These bids were opened on February 15, 1926, and taken under advisement until February 19, at which time A. G. Sherwood submitted a proposal in writing in which he agreed to construct the improvement for the sum of Lester Hudson's bid, $26,759.70, and further agreed:

"To waive any and all claims that he may have against said city and said county for any damage or losses sustained by him in the nullification and cancellation of said contract of December 16, 1925, [contract involved in case No. 27,080] the performance of which was enjoined by the district court."

This offer was accepted. The city and county officials adopted a pertinent resolution, which in part reads:

"Whereas, It is the further opinion of said commissioners, in joint meeting assembled, that the said A. G. Sherwood, having been awarded the first contract, dated December 16, 1925, and having incurred great expense in making provisions to carry out same, and having made contracts for material, and having assembled same and employed labor for the performance of said contract and having entered into the performance of said contract and placed on said improvement more than 300,000 brick, and having offered, in writing, to enter into a contract for the making of said improvement at the aforesaid sum of $26,759.70, and having agreed to waive all claims for damage or losses sustained by him, by the cancellation of said contract of December 16, 1925, should be awarded this contract; and,

"Whereas, The joint board, upon due investigation, and due consideration of the qualifications of said contractors, for the proper performance of said improvement, finds: That said A. G. Sherwood has had more experience in paving highways and streets with brick, and possesses greater skill and ability in constructing such improvement, and is more fully equipped with the latest approved machinery for making said improvement than the said Lester Hudson, and is therefore the lowest responsible bidder for the making of said improvement.

"*Now therefore be it resolved, by said joint board,* That the amended bid of said A. G. Sherwood, in the sum of $26,759.70, be and the same is hereby accepted and he is hereby awarded the contract to pave and hard-surface said street and road with brick, in accordance with the plans, specifications and estimates of the county engineer, adopted therefor."

This action by the same plaintiffs followed. Their petition and attached exhibits set up the pertinent facts and alleged:

"The plaintiffs allege that the defendants rejected the bid of Lester Hudson, arbitrarily, without making an investigation and that the said defendant boards did not find that Lester Hudson did not possess skill, ability, integrity and financial responsibility but arbitrarily rejected his bid, well knowing that the said Lester Hudson did possess skill, integrity and financial responsibility, but on account of having been enjoined by the above entitled court decided to give said contract to A. G. Sherwood regardless of the wishes of the people in the benefit district and the laws on the statute books of Kansas. . . .

"That said joint boards had no authority to permit A. G. Sherwood to amend his bid so that as to equal that of his only competitor; such an act being illegal, against public policy, and that it destroys the right of competitive bidding.

"That the offer or proposal submitted by Sherwood on February 19, 1926, was not a bid, but was an offer to compromise his claim for damages against said joint boards provided he was awarded said contract; that a joint board has no authority in law to accept such a bid with such a proviso attached thereto, it being against public policy.

"That the joint boards acted arbitrarily in finding that Lester Hudson did not possess reasonable skill and financial responsibility or be possessed of sufficient integrity to carry out his contract and that said finding was made without any investigation, and that the statement in said resolution that said finding was made upon due investigation is untrue. . . ."

The petition contained a good deal of matter in criticism of defendants' plan of improving the road, and found fault with the quality of the materials to be used in the case, the proposed "scarification" of the roadbed, and with the proposal to give the contractor credit for that work, and the petition likewise contained a prophecy that the proposed improvement—

"Would only result in said street having to be repaved within five years, and that to proceed to pave said street in such a manner would be to deprive the taxpayers in the benefit district and in the city and county at large of their property in the way of taxes."

Plaintiffs concluded with a prayer for an injunction restraining the defendants from proceeding with the improvement and restraining them from assessing plaintiffs' properties to raise money in payment therefor.

A hearing was had upon plaintiffs' application for a temporary injunction. Defendants' objection to the introduction of evidence on the ground that no cause of action was stated was overruled. Plaintiffs introduced their evidence. Defendants' demurrer thereto was overruled. The trial court held—

"That the court has no jurisdiction to hear and determine the kind or quality of paving; and that there was no fraud, corruption or oppression in the proceedings prior to, or in the letting of, said contract; that temporary injunction should issue for the reason that the contract was let without competitive bidding; that as a condition precedent to the issuance of a temporary injunction, plaintiffs should file with the clerk of this court, within ten (10) days from this date, a good and sufficient bond, in the sum of five thousand dollars ($5,000)."

Plaintiffs failed to file the bond required by the court, and in due time defendants filed formal demurrer, raising these points of law:

"1. That the court has no jurisdiction of the subject of the action.
"2. The plaintiffs have no legal capacity to sue.
"3. That several causes of action are improperly joined.
"4. That the petition does not state facts sufficient to constitute a cause of action."

This demurrer was overruled, and defendants dictated into the record a general denial except as to the accuracy of the exhibits attached to plaintiffs' petition.

Among other matters covered by the evidence the qualifications of Lester Hudson, whose bid was rejected, were presented. It was shown that Hudson's contracting experience pertained to drainage, grading, and earthwork, and that his only experience in paving work was the construction of two blocks of a city street in Coffeyville fourteen years ago. Hudson did not have the requisite tools for paving—a roller, concrete mixer, tar kettle, and the like. He did, however, have a good rating in the county as to his financial responsibility and a creditable record as to the quality of the work he was accustomed to do. His reputation for honesty was also good.

At the conclusion of the plaintiffs' evidence, the record reads:

[COUNSEL FOR DEFENDANTS]: "We demur to the evidence on the ground that the petition does not state facts sufficient to constitute a cause of action; that the evidence offered does not prove, tend to prove or disprove any issues in the pleadings; that the court has no jurisdiction of the subject matter of this action, and that the plaintiffs have no legal capacity to sue, and that several causes of action are improperly joined. . . .

"Further that the testimony does not show that the plaintiffs are entitled to the relief prayed for or to any other relief.

"THE COURT: Overruled.

[COUNSEL FOR DEFENDANTS]: "If the court please, we elect to stand on our demurrer to the evidence, and our objections, and do not desire to offer any evidence, but we request that the court make findings of fact and conclusions of law in his decision. We are perhaps not entitled to ask that; we would like it if you will.

"THE COURT: I refuse to make any findings of fact or conclusions of law. The court is of the opinion that the injunction should be made permanent, that the joint board should be enjoined from proceeding under this contract."

Judgment was entered accordingly, and defendants appeal.

On defendants' behalf several points are argued at some length, but counsel for the appellee, with some regard for this court's time, concedes that "the only question necessary for the court to determine in this cause is whether or not the road contract let to A. G. Sherwood upon the 19th day of February, 1926, is valid."

That being the controlling point, we can settle it in short order. Under this statute (R. S. 12-647 *et seq.*) a petition of taxpayers praying for a concrete road was of no legal significance. The matter is vested exclusively in the discretion of the city and county officials. Moreover, the matter of determining who was the lowest responsible bidder was vested in the discretion of the public officials (*Williams v. City of Topeka,* 85 Kan. 857, 118 Pac. 864), and the trial court's finding of fact pursuant to the hearing of plaintiffs' application for a temporary injunction was a virtual elimination of any issue of fraud or favoritism. The fact that this contract was let to Sherwood at the same figure as Hudson's bid did not hurt these plaintiffs. (*Dillingham v. Spartanburg,* 75 S. C. 549, 8 L. R. A., n. s., 412.) Since the city and county officials in their discretion determined that Sherwood was the lowest responsible bidder, the contract might lawfully have been let to him at the precise figure of his own bid. The reduction of that bid to a lower figure did not vitiate his selection as the lowest responsible bidder. Moreover, the adjustment, compromise and settlement of his ostensible claim for the repudiation of the contract of December 16, 1925, was no justiciable concern of plaintiffs. The state has an attorney-general, a county attorney, and a city attorney, charged with the responsibility of scrutinizing the acts of public officers and boards so far as concerns matters of this sort. (*Elting v. Clouston,* 114 Kan. 85, 217 Pac. 295; *Clark v. George,* 118 Kan. 667, 236 Pac. 643.) It is only in cases peculiarly affecting the pocketbooks of taxpayers that they are authorized to challenge acts, faults, or departures from statutory formulas, committed by public officials. (Civ. Code, § 265; R. S. 60-1121.) The scaling down of Sherwood's bid and the compromise and settlement of his claim under his contract of December 16, 1925, was not a substantial departure from the directions of the statute.

Counsel for appellees call our attention to *Surety Co. v. Brick Co.,* 73 Kan. 196, 84 Pac. 1034, but while we adhere to what was there said in condemnation of fraud and favoritism in the letting of contracts for public improvements, there is no substantial analogy between that case and the one at bar. Nor do we find any close analogy between the present case and *Fairbanks, Morse & Co. v. City of North Bend,* 68 Neb. 560, or *Diamond v. City of Mankato,* 89 Minn. 48, to which the trial court attached some significance. They merely state the general rule that proposals and specifications must be framed to permit free and full competition, and that

the public officials, after selecting the lowest and most responsible bidder, may not enter into a contract with him by yielding substantial concessions beneficial to him which were not included in or contemplated in the terms and specifications upon which bids were invited. Nothing was done in this case in violation of that rule.

We note what plaintiffs have to say about defendants' plans and specifications for the improvement. It will be a pity, indeed, if plaintiffs' prophecy comes true that the specifications are so defective that the street and road will have "to be repaved within five years," but discretion and responsibility on such matters must be vested somewhere. Under this statute they are vested in the city and county governing bodies, not in these plaintiffs, and not in the courts. The courts cannot interfere with the exercise of that discretion and responsibility where, as here, no substantial showing of fraud is disclosed by the record. In *Root v. City of Topeka,* 104 Kan. 668, 180 Pac. 229, it was said:

"The courts are not authorized to adjudicate a mere difference of opinion between a taxpayer and a city government touching the necessity or desirability of a public improvement, so long as there is no issue raised attacking the city's good faith." (p. 670.)

In case No. 27,080 the appeal is dismissed; and in case No. 27,081 the judgment is reversed and the cause remanded with instructions to enter judgment for defendants.

DAWSON, J. (concurring) : I do not like to approve the maneuvers whereby Sherwood got the contract for this paving despite the judgment in the first action and notwithstanding another reputable bidder had outbid him several hundred dollars at the second letting. There was nothing to the point that Hudson had little experience in paving. Neither had Sherwood when he began that business. Sherwood is not immortal, and sometime the city of Independence and Montgomery county will have to depend on other paving contractors than Sherwood. But the opinion of the court is unassailable on the ground that plaintiffs cannot maintain this action. They show no special hurt to themselves because of the letting of this contract to Sherwood instead of Hudson, nor because Sherwood voluntarily reduced his bid. Perhaps he did so in the hope—vain hope—that he could mollify these plaintiffs. His waiver of all claim for damages for being deprived of his prior contract was just a talking point, an ineffective one apparently.