No: 28,155.

THE HOME RIVERSIDE COAL MINES COMPANY, *Appellee*, v. FRANCIS J. MCAULIFFE, as Mayor, etc., et al., *Appellants*.

(267 Pac. 996.)

Opinion filed June 9, 1928.

C. F. W. *Dassler* and Lee *Bond*, both of Leavenworth, for the appellants.
W. W. *Hooper*, of Leavenworth, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The plaintiff is a taxpayer and user of water in the city of Leavenworth, and as such brought this action to enjoin the mayor, the commissioners and the city clerk of the city of Leavenworth from entering into a certain contract with an electric power company for electric energy to be used in pumping water for the municipally owned and operated water plant of the city. Upon application and hearing a temporary injunction was allowed. Defendants demurred to plaintiff's petition for the reason, among others, that the plaintiff had no legal capacity to maintain the action. The court overruled the demurrer, defendants elected to stand thereon, a final judgment of permanent injunction was rendered against defendants, and they have appealed.

Much is said in the briefs about the validity of the proposed contract between defendants and the electric power company. We find it unnecessary to go into or to determine that question, for the

point raised by defendants, that plaintiff has no legal capacity to maintain this action, is well taken.

Early in the history of this state it was determined that ". . . for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is by a prosecution instituted by the state in its political character. . . ." (*Craft v. Jackson Co.*, 5 Kan. 518, 521; and see *Clark v. George*, 118 Kan. 667, 669, 236 Pac. 543.) This principle applies not only in injunction, but in mandamus (*Bobbett v. State, ex rel. Dresher*, 10 Kan. 9; ·*Collingwood v. Schmidt*, 125 Kan. 81, 262 Pac. 556) and other forms of action, many examples of which are found in our reports.

By statute (R. S. 60-1121) an individual, or any number of persons, whose property is, or may be, affected by a tax or assessment, or whose burdens as taxpayers may be increased by a threatened unauthorized contract or act, may maintain an action to enjoin the illegal levy of any tax, charge or assessment, or its collection, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in any public burden or the levy of an illegal tax, charge or assessment. Plaintiff in this action claims the right to maintain the same under and by virtue of this statute. To do so, obviously it was necessary for him to allege that his "burdens as a taxpayer may be increased by the threatened unauthorized contract."

In *Warner v. City of Independence*, 121 Kan. 551, 557, 247 Pac. 871, it was said:

"It is only in cases peculiarly affecting the pocketbooks of taxpayers that they are authorized to challenge acts, faults, or departures from statutory formulas, committed by public officials."

And in *Grecian v. Hill City*, 123 Kan. 542, 256 Pac. 163, it was held:

"The state, at the instance of the attorney-general, or the county attorney, is the supervisor of the regularity of the proceedings of municipal officers. An individual taxpayer of the municipality cannot question the regularity of such proceedings unless the alleged irregularity results in his financial injury—as to increase his taxes." (Syl. ¶ 2.)

If there is an actual increase of the tax burden the action may be maintained. (*Darby v. Otterman*, 122 Kan. 603, 252 Pac. 903.)

The petition in this case is wholly lacking in any allegations of fact from which it would follow that plaintiff's burdens as a taxpayer would be increased. The waterworks plant is operated under

R. S. 13-2401 to 13-2413. The cost of the maintenance and operation of the plant, interest on its bonded debt (R. S. 13-2405), and to create a sinking fund to retire its bonds (R. S. 13-2406), is obtained from water sold—not from taxes levied on the property of taxpayers. Only inferentially is it alleged that the contract contemplated between defendants and the power company would increase the cost of pumping water over the method now used of pumping by steam generated by coal as fuel. But if the petition could be interpreted so as to hold that such allegation were definitely made, it still lacks any allegation that such additional cost of pumping would affect the cost of water to water users, or in any way tend to increase plaintiff's taxes.

The result is that allegations of plaintiff's petition do not bring it within the purview of the statute authorizing an individual taxpayer to maintain such an action, and defendants' demurrer to the petition should have been sustained.

The judgment of the court below will be reversed, with directions to sustain the demurrer to the petition.