No. 28,221.

B. C. YOUNG et al., *Appellees*, v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF WASHINGTON, *Appellants*.

(273 Pac. 398.)

Opinion
filed January 12, 1929.

*F. R. Lobaugh* and *J. R. Hyland*, both of Washington, for the appellants.
*Edgar Bennett* and *A. C. Bokelman*, both of Washington, for the appellees.
*William A. Smith*, attorney-general, and *Roland Boynton*, assistant attorney-
general, as *amici curiæ*.

The opinion of the court was delivered by

HARVEY, J.: This is an action by resident taxpayers of Washing-
ton county to enjoin the board of county commissioners of that
county from carrying out the terms of a resolution by which $20,000
had been appropriated from the state and county road funds to be
used, with federal aid, for the improvement of a section of highway
three and one-half miles long. It is alleged that the proposed high-
way is not an immediate necessity and is not of general utility be-
cause it does not stop or terminate at any objective point, and is
not a part of the state highway system as approved by the state
highway department, and has not been approved by the federal
government under the federal highway act; that it does not connect
the county seat of the county with other county seats, nor with

the principal market centers of the county; that the system of state roads provided by the county has not been completed; that the appropriation of the money for such improvement was without authority and fraudulent; that if defendant is allowed to proceed with the work it will result in the creation of a public burden and the levy of an illegal tax, charge and assessment upon plaintiffs. The answer was a general denial. The trial court made findings of fact and rendered judgment for plaintiffs. The defendant has appealed.

The evidence has not been transcribed. The appeal presents the question whether the findings of fact support the judgment. When a case is tried to the court, and the court is asked to make findings of fact and conclusions of law in accordance with R. S. 60-2921, it is essential that the findings made include all facts necessary to support the judgment. (*Black v. Black,* 123 Kan. 608, 610, 256 Pac. 995, and earlier cases there cited.)

Appellant contends that the findings do not support the judgment for the reason that there is no finding that the appropriation by defendant of the sum mentioned in the resolution for the improvement of the road in question will result in the creation of a public burden and the levy of an illegal tax, charge and assessment upon plaintiffs. It is essential, of course, that the action of defendant sought to be enjoined should have that result before plaintiffs can maintain this action. (R. S. 60-1121; 32 C. J. 47; *Abraham v. Weister,* 103 Kan. 162, 172 Pac. 998; *Bissey v. City of Marion,* 104 Kan. 311, 178 Pac. 611, 991; *Clark v. George,* 118 Kan. 667, 669, 236 Pac. 643; *Engstrom v. City of Wichita,* 121 Kan. 122, 124, 245 Pac. 1033; *Warner v. City of Independence,* 121 Kan. 551, 557, 247 Pac. 871; *Jackson v. Joint Consolidated School District,* 123 Kan. 325, 328, 255 Pac. 87; *Grecian v. Hill City,* 123 Kan. 542, 256 Pac. 163; *Wellman v. City of Burr Oak,* 124 Kan. 780, 262 Pac. 607; *Collingwood v. Schmidt,* 125 Kan. 81, 262 Pac. 556; *Home Riverside Coal Mines Co. v. McAuliffe,* 126 Kan. 347, 267 Pac. 996.)

The result is there is lacking an essential finding of the court necessary to support the judgment. The fund from which the appropriation was made is not raised by general taxation, but from the sale of gasoline and from licenses on motor vehicles. (Laws 1925, ch. 214.)

With respect to this question, the court made a specific finding that the question was not raised by motion, demurrer or answer, nor at any time in the trial of the case until requested findings were made,

and concluded that defendant thereby had waived the question. This conclusion is erroneous. It is true the question was not raised by motion, demurrer or answer, but in view of the allegations of plaintiff's petition on that point, raising the question in that way would have been unavailing. The question was raised the day the case was tried on its merits and after the close of the evidence, which is as soon as it could have been raised effectively. There was therefore no waiver of the question, if indeed it could be waived, which we do not find it necessary to determine.

From the findings it appears that, having previously considered the location of the road in Washington county to comprise a part of the state highway system, the members of the board of county commissioners, on March 2, 1926, addressed a letter to the state highway commission and to the federal highway department, designating the road in the county, including the three and one-half miles here in question, which had been determined upon as constituting the state highway system for Washington county. This was later approved by the state highway commission subject to a checking of the route. The checking was subsequently done, and the designation of such highway was finally made by the defendant November 23, 1926. The trial court determined that the action of March 2 was the individual action of the members of the board of county commissioners and not the action of the board itself, and was for that reason void; and further determined that the action of the board of November 23, 1926, was void for the reason that it did not connect the county seat with the principal cities and market centers of the county. This, while incorporated as one of the findings of the court, is more properly a conclusion, and does not accord with other findings of the court which specifically set out the state highway system for Washington county as located by defendant with the approval of the state highway commission, shown by specific descriptions and by a plat. This system of highways, as described and platted, shows about as direct a connection as the mileage will permit of the county seat with other market centers of the county.

The court specifically found that there was nothing fraudulent in the action of defendant, but that the acts of its members in connection with the matter were in good faith and with an honest intent to perform their duty.

The result is that the judgment of the court below must be reversed, with directions to enter judgment for defendant.

It is so ordered.