No. 31,463

THE CITY OF HOLTON, a Municipal Corporation, and C. C. BIDWELL, C. D. BATEMAN and R. H. MOORE, for Themselves and on behalf of Other Taxpayers similarly situated, *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JACKSON, RUFUS MOORE, CLARENCE BEIGHTEL and WALTER SONDKER, as Commissioners, etc., *Appellees*.

(23 P. 2d 605.)

Opinion filed July 8, 1933.

*Albert M. Cole*, city attorney, of Holton, and *Albert B. Martin*, of Lawrence, for the appellants.

*F. W. Hobbs, E. D. Woodburn, Thomas A. Fairchild, Warden L. Noe, H. J. Adams, M. A. Bender* and *Minnie M. Banks*, all of Holton, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin defendants from entering into an agreement for the reorganization of a failed bank. The trial court made findings of fact and rendered judgment for defendants. Plaintiffs have appealed.

It appears from the record that the Kansas State Bank of Holton had been designated as a depository by the board of county com-

missioners of Jackson county and had given bonds with personal sureties for $100,000 to secure the deposit. On March 4, 1933, the bank was closed by the bank commissioner and found to be insolvent and placed in charge of one of his deputies. At that time Jackson county, by deposits of the county treasurer, had a deposit in the bank of $49,689.28. It was then discovered that the sureties on the bonds to secure the deposit would be able to respond for not more than $10,000. A reorganization agreement was proposed. Certain taxpayers of Jackson county brought an action in the nature of a declaratory judgment questioning the right of the board of county commissioners of the county to enter into the reorganization agreement. Upon a hearing on that action it was adjudged that the board of county commissioners had such authority. No appeal was taken from that adjudication, although the time for doing so has not expired.

Thereafter this action was brought by the city of Holton and by three taxpayers of the city and county to enjoin the county and its board of county commissioners from entering into the proposed reorganization agreement. Broadly speaking, the county claims the right to enter into the proposed reorganization agreement for three reasons: *First,* because of the first proviso in chapter 80 of the Laws of 1933, which, briefly, provides that a failed bank in charge of a deputy bank commissioner and its creditors may formulate a reorganization plan which, if subscribed to in writing by eighty per cent in amount of the general creditors and approved by the bank commissioner, is binding upon all general creditors. Prior to this statute perhaps such an agreement would be binding only on those who subscribed to the plan, and a few creditors might defeat a reorganization by declining to subscribe. *Second,* it is contended that some of the subdivisions of R. S. 19-212, relating to the powers and duties of boards of county commissioners, are broad enough to authorize the board of county commissioners to enter into this reorganization agreement. *Third,* that the question is *res judicata,* having been determined in the declaratory-judgment action previously mentioned.

Defendants also raised the question that plaintiffs in this action have no authority or capacity to maintain it; that from its nature it is one which can be maintained only by the state on the relation of the attorney-general or county attorney. This last point is well

taken and precludes us from determining the other questions raised. The three individual taxpayers who are plaintiffs claim the right to maintain the action under R. S. 60-1121; but it has been repeatedly held that individual taxpayers cannot maintain an action under this section to enjoin public officials from entering into a contract, alleged to be unauthorized, unless their burdens as taxpayers may be increased by the threatened unauthorized contract. (*Warner v. City of Independence,* 121 Kan. 551, 247 Pac. 871; *Grecian v. Hill City,* 123 Kan. 542, 256 Pac. 163; *Home Riverside Coal Mines Co. v. McAuliffe,* 126 Kan. 347, 267 Pac. 996.) In this action plaintiffs do not allege facts tending to show that their burdens as taxpayers will be increased by the threatened allegedly unauthorized action of the board of county commissioners, and there is no evidence in the record tending to show that such will be the result. Under our system of laws it is provided that the regularity or legality of the transactions of boards of county commissioners and other governing bodies of subdivisions of the state may be questioned only by the state on the relation of the attorney-general or the county attorney, and that individual citizens, even though they be taxpayers, cannot question such actions unless their burden as taxpayers may be increased thereby. The plaintiff, the city of Holton, is not a taxpayer. It claims the right to maintain the action for the reason and upon the ground that its governing body duly levied taxes for city purposes, which levy was certified to the county clerk, by him entered on the tax roll and taxes collected thereunder by the county treasurer, a part of which tax money so collected may have been in the deposit of the county treasurer in the bank at the time it failed. On the date the bank failed the county treasurer's records show that he had on hand tax moneys collected under levies made by the city of Holton amounting to $3,610.71. Of that amount $3,500 was withdrawn before this action was brought, leaving $110.71 undistributed. Whether this sum was in the deposit of the failed bank is not disclosed by the evidence. But, irrespective of that fact, or of the amount, money collected by the county treasurer and by him deposited in a depository designated by the board of county commissioners is to be regarded as county money before it is distributed or disbursed to the taxing units, even though a taxing unit might have such an interest therein that, in a proper case, it could compel a distribution. (*City of Frankfort v. Warders,* 119 Kan.

652, 240 Pac. 589.) More than that, the record discloses that in proceeding under the recent cash-basis law (Laws 1933, ch. 319), the county had treated this deposit, which had been tied up in the failed bank, as not available to pay its obligations and issued and sold bonds therefor. Hence, if any money raised by the city levy and collected by the county treasurer was in the deposit when the bank failed, the county has provided means of paying it. Then the city has been given no authority to inquire into the regularity or legality of county business. Such inquiry may be made by the state on the relation of the attorney-general or the county attorney.

The result is there is no one who is a plaintiff in this action who has any capacity to maintain it, either in this court or in the trial court. The judgment of the trial court will be reversed with directions that the action be dismissed for the lack of a proper party plaintiff. It is so ordered.