No. 33,512

THE CITIZENS UTILITIES COMPANY, *Plaintiff*, v. THE CITY OF GOOD-
LAND, H. M. STEEVER as Mayor; J. F. CHAMBERS, GEORGE A.
SANDERS, W. F. NEWTON, J. M. CALDWELL, C. L. HEBREW and J.
H. REED as Members of the City Council; C. W. JUPE as City
Clerk; JESSE L. TEETERS as City Treasurer; WAYNE J. ESTES and
WILLIAM WALLACE PAYNE, doing business as ESTES, PAYNE &
COMPANY, and GEORGE ROBB as Auditor of the State of Kansas,
*Defendants.*

(69 P. 2d 318)

Opinion filed July 1, 1937.

*John L. Hunt, Margaret McGurnaghan, John H. Hunt, George M. Brewster,*
all of Topeka, and *Elmer E. Euwer,* of Goodland, for the plaintiff.

*Frank J. Horton,* of Goodland, *Robert Stone, James A. McClure, Robert
L. Webb, Beryl R. Johnson, Ralph W. Oman,* all of Topeka, *Clarence V. Beck,*
attorney general, and *Theo. F. Varner,* assistant attorney general, for the
defendants.

The opinion of the court was delivered by

ALLEN, J.: This is an original proceeding in mandamus to compel
George Robb, state auditor, to release, withdraw and expunge the

registration of the electric light and power bonds of the city of Goodland. The action joined as defendants the city of Goodland, the mayor of the city, the city clerk and the city treasurer, also the members of the firm of Estes, Payne & Co., and George Robb, auditor of the state of Kansas. The alternative writ was issued on April 15, 1937, and answers were filed by George Robb, state auditor, and also by the other named defendants.

Thereafter and on May 19, 1937, an amended alternative writ of mandamus was issued. To this amended alternative writ defendant George Robb, on May 24, 1937, filed a motion to quash, and the proceedings are now before this court on the motion to quash the amended alternative writ.

Under our statute, G. S. 1935, 60-1709, the pleadings in a mandamus proceeding consist of the writ and the answer. At an early day it was held that a motion to quash the writ was equivalent to a demurrer (*State, ex rel. Ayers, v. Stockwell,* 7 Kan. 98) and this case has been followed (*State, ex rel., v. State Highway Commission,* 127 Kan. 437, 273 P. 2d 403). For convenience we will speak of the amended alternative writ as "plaintiff's petition," and of the motion to quash as the "demurrer."

The demurrer on the part of the defendant state auditor is on the ground the petition does not state facts sufficient to constitute a cause of action. This requires an examination of the petition.

The petition alleges that the plaintiff is a corporation organized under the laws of the state of Delaware; that it is a taxpayer in the city of Goodland; that under a franchise it operates an electric plant in part upon the streets of the city of Goodland, and that the plant is of the value of $347,000. Plaintiff states that on January 5, 1937, the city of Goodland passed an ordinance authorizing the calling of a special election for the purpose of voting on a proposition to issue bonds in the sum of $200,000 "for the purpose of purchasing, constructing or extending works, including electric light and power distributing system, power plant and appurtenances thereto, for the purpose of supplying the city of Goodland, Kan., and its inhabitants with electric light and power." That under the power attempted to be granted by the ordinance the mayor caused notice of the election to be published in the Goodland *Daily News.*

The petition further alleges that the city at the time contained 1,700 registered voters, and that at the election 804 voters voted in favor of the issuance of the bonds. That on March 25, 1937, at an

adjourned meeting of the city council sealed bids for the bonds were received; that after the bids received had been rejected, the bid of Estes, Payne & Company was accepted. It is alleged that on March 31, 1937, the bonds were presented to the city council and were signed by the mayor and city clerk. It is stated that at the same meeting a bond ordinance was passed, and that the ordinance was published in the *Sherman County Herald*.

The petition states that on April 1, 1937, the bonds were registered by the state auditor, and that on the same date the bonds were presented to the state school fund commission and were rejected.

The prayer of the petition asks that the defendant state auditor be compelled to release, withdraw and expunge the registration of the bonds, and that such registration be declared void.

On April 15, 1937, being fourteen days after the registration of the bonds by the state auditor, the plaintiff filed its application in this court asking for an alternative writ of mandamus against George Robb, state auditor, and the other defendants above named; the amended alternative writ was issued on April 19, 1937.

Under the demurrer the sole question for determination is whether the petition states a cause of action.

The petition, in addition to the salient facts outlined above, alleges irregularities at almost every step of the proceedings. We have examined the various irregularities alleged in the petition, and the arguments pressed upon us in plaintiff's brief to show the proceedings were fatally defective and that the bond issue was void. As we think the demurrer should be sustained, it will not be necessary to examine in detail the irregularities urged.

The purpose of the action is to compel the state auditor to erase and expunge the registration of the bonds issued by the city of Goodland.

The statute, G. S. 1935, 75-512, imposes the duty on the state auditor to register bonds issued by cities, and to certify to such registration. It is also provided by law, G. S. 1935, 10-108, that before any bonds shall become a valid obligation, a full and complete transcript of the proceedings leading to the issuance thereof, properly certified by the city officials, shall be filed with the state auditor, and that said bonds and coupons shall be registered in the office of the state auditor, "so that the payment or cancellation thereof may be entered thereon," and after being so registered the state auditor shall certify upon said bonds the fact that they have been so regis-

tered. The statute, G. S. 1935, 10-109, requires the city to furnish the state auditor information as to the bonds issued, and another provision, G. S. 1935, 10-110, compels the auditor to revise the bond records of his office from time to time by canceling all records of bonds and coupons which have been paid.

It is not alleged in plaintiff's petition that the city officials failed to furnish the state auditor with a full transcript of the proceedings leading to the issuance of the bonds, nor that the auditor did not have on file in his office a complete transcript of such proceedings in proper form as provided by the law at the time he certified the bonds in question. It is not claimed that he acted improvidently or in bad faith in admitting the bonds for registration or in placing his certificate thereon. The answer of the state auditor in response to the original writ states that all the formalities required by law have been complied with—that a full and proper transcript had been furnished by the city. The state auditor merely fulfilled a statutory duty in the registration of the bonds.

Another question presented is whether the plaintiff has legal capacity to maintain the action. The general rule is that a private individual can apply for the writ of mandamus only in those cases where he has some private or particular interest to be subserved, or some particular right to be preserved or protected by the aid of this process, independent of that which he holds in common with the public at large. In *Bobbett v. State, ex rel. Dresher*, 10 Kan. 9, it was said:

"That the duty sought to be enforced is a public duty—one affecting the whole community—is also clear. The question is therefore narrowed down to this: Can a private citizen, by *mandamus*, compel the performance of a public duty? To allow any citizen to litigate with public officers the propriety of their acts, exposes them to constant litigation. If one may, so may another. If one act may be litigated, so may all; and so the time, attention and thought of the officer diverted from the duties of his office to the defense of harassing suits." (p. 14.)

The principle here announced has been steadily adhered to and is the settled rule in this court. (*Nixon v. School District*, 32 Kan. 510, 4 Pac. 1017; *Mining and Gas Co. v. Gas and Mining Co.*, 55 Kan. 173, 40 Pac. 326; *Titus v. Sherwood*, 81 Kan. 870, 106 Pac. 1070; *Abraham v. Weister*, 103 Kan. 162, 172 Pac. 898; *Gormley v. School Board*, 110 Kan. 600, 204 Pac. 741; *Weigand v. City of Wichita*, 111 Kan. 455, 207 Pac. 651.)

In plaintiff's petition it is alleged that plaintiff operates under a

franchise an electric plant in part upon the streets of the city of Goodland; that the plant is of the value of $347,000; that plaintiff is a taxpayer and pays taxes upon this property. But this in no way distinguished the plaintiff from any owner of property who pays taxes upon his property. It is also alleged that if the city of Goodland should construct an electric light and power plant the city would refuse to renew the franchise of the plaintiff. This, however, is a mere speculation as to what might happen in the future. As no special circumstances are shown, we hold the plaintiff had no legal capacity to maintain the action.

It is also to be observed that under the well-settled practice in this court the writ of mandamus does not issue, as, of course, it is a discretionary writ. In *Kolster v. Gas Co.*, 106 Kan. 84, 186 Pac. 738, it was said:

"Mandamus is a discretionary writ, and before granting it the court may and should look to the larger public interest which may be concerned—an interest which the private litigants are apt to overlook when striving for their private ends. (*The State, ex rel. Wells, v. Marston*, 6 Kan. 524, 537; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, 136; *Golden v. Elliott*, 13 Kan. 92, 95; *The State v. Stevens*, 23 Kan. 456; *The State, ex rel., v. Comm'rs of Phillips County*, 26 Kan. 419, 425.)" (p. 86.)

The question presented to the court is novel. As we have stated, the bonds were duly registered by the state auditor on April 1, 1937, and it was not until April 15 that this action was instituted. It is alleged in the petition that the bonds were delivered to Estes, Payne & Company and are now in possession of the National Bank of Topeka under an escrow agreement with the city of Goodland. In the usual course of business doubtless many of the bonds have passed into the hands of scattered purchasers. To expunge the registration of the bonds in the office of the state auditor as prayed for would not alter the certificate on the bonds now in circulation and would tend to cause confusion and uncertainty. The validity of the bonds cannot be determined in this action.

Mandamus will issue to compel the performance of a duty. The petition fails to show any duty on the part of the defendant, the state auditor, to expunge the registration of the bonds. (*Rosenthal v. State Board of Canvassers*, 50 Kan. 129, 32 Pac. 129.)

The motion to quash the amended alternative writ is sustained.