No. 35,719

MARIE HAJNY, *Appellee*, v. THE ROBINSON MILLING COMPANY, *Appellee;* MARIE S. HUMPHREY (Intervenor), *Appellant.*

(134 P. 2d 398)

Opinion filed March 6, 1943.

W. S. *Norris*, of Salina, argued the cause, and *Wint Smith, Homer B. Jenkins,* both of Salina, and *C. L. Thompson,* of Hoxie, were on the briefs for the appellant.

*George D. Miner,* of Ellsworth, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action for certain wheat, or its value, stored with the milling company. Marie S. Humphrey intervened and claimed to own the wheat. The controversy was between plaintiff and the intervenor. The trial court heard the evidence, made findings of fact and conclusions of law and rendered

judgment for plaintiff. The intervenor has appealed and contends that the facts found do not sustain the judgment rendered.

The facts found by the court may be summarized as follows: The plaintiff owned a described quarter section of land in Sheridan county which was operated by her tenant, George Jegen. The intervenor held a mortgage on the land, which she foreclosed, and purchased the land at the sheriff's sale. The eighteen months' period of redemption allowed by law expired June 26, 1941, and the sheriff's deed was issued to the intervenor June 27, 1941. The tenant had planted crops of wheat and barley, which were harvested in 1941. The landlord's share of the crop was one-third of the crop delivered to defendant milling company. After acquiring the sheriff's deed the intervenor retained Jegen as her tenant. The wheat and barley were harvested and the landlord's share of the grain delivered to the milling company, which issued warehouse receipts therefor. The milling company makes no claim to the grain. The controversy in the trial court was whether the crops of wheat and barley had ceased to draw sustenance or nutriment from the soil by June 27, 1941. On that point the court's finding No. 9 reads:

"The court finds that, at the time of the expiration of the eighteen months period of redemption and the execution and delivery of said sheriff's deed, part of said crops of wheat and barley had ceased to draw sustenance or nutriment from the soil. The evidence fails to disclose the exact proportions but the court finds from the evidence that the greater part of said crops had ceased to draw sustenance or nutriment from the soil at the time of the expiration of said eighteen months period of redemption and the execution and delivery of said sheriff's deed."

The court's conclusions of law read:

"(1) The 1941 crops of wheat and barley grown on said land was personal property at the time of the expiration of said eighteen months redemption period and delivery of said sheriff's deed.

"(2) Marie Hajny, plaintiff herein, is entitled to judgment for possession of said property or its equivalent and for costs."

The basic principles of law governing the rights of the parties are well settled in this state and there is no serious controversy about them. The plaintiff was entitled to the rents and profits of the farm during the period of redemption. (G. S. 1935, 60-3439; *Slabaugh v. State Bank,* 123 Kan. 484, 256 Pac. 139.) If crops previously planted thereon had matured so that they no longer were drawing nutriment from the soil they became personal property and plaintiff is entitled to them. If, however, the crops were immature they pass to the

grantee in the sheriff's deed. (*Brendle v. Hudson,* 146 Kan. 924, 73 P. 2d 1013; *National Bank v. Beegle,* 52 Kan. 709, 35 Pac. 814, and cases there cited.)

The trouble with the case as it is presented to us is the indefiniteness of the court's finding No. 9, above quoted. When a case is tried by the court and the court makes findings of fact and conclusions of law the judgment should be supported by the findings made. See *Black v. Black,* 123 Kan. 608, 610, 256 Pac. 995, and earlier cases there cited; also, *Young v. Washington County Comm'rs,* 127 Kan. 227, 228, 273 Pac. 398. From the court's finding we cannot determine whether 51 percent of the crop had matured or 99 percent of it The evidence has not been brought to this court, and even if we were permitted to examine the evidence we are unable to do so. The court should have found from the evidence what part or fractional share of the crop had ceased to draw sustenance from the soil on June 27, 1941, and given judgment to plaintiff for that amount. We think it was error for the court to give judgment to plaintiff for all of the crop when only a part of it had ceased to draw sustenance from the soil.

The judgment, therefore, must be reversed with directions to the trial court to make its finding on that matter specific and to render its judgment accordingly. It is so ordered.