No. 38,312

C. A. Haines, et al., *Appellants,* v. Rural High School District
No. 3 of Republic County, Kansas, et al., *Appellees.*

(232 P. 2d 437)

Opinion filed
June 9, 1951.

*N. J. Ward* and *Percy H. Collins, Jr.,* both of Belleville, were on the briefs
for the appellants.

*Ed Chapman,* of Belleville, and *Melvin R. Quinlan,* of Topeka, argued the
cause, and *John S. Dean, Jr.,* and *Peter F. Caldwell,* both of Topeka, were
with him on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: Plaintiffs designate this action as one to enjoin the
illegal expenditure of funds voted for one purpose and being used
for another, while defendants designate it as one to question their
authority to expend funds lawfully levied and collected for purposes
authorized by a majority of the electors of each district. The ac-
tion represents the second chapter of litigation commenced and dis-
posed of in *State, ex rel., v. Rural High School Dist. No. 3,* 169 Kan.
671, 220 P. 2d 164. We note that the third chapter is disposed of in
*Kroeger v. Rural High School Dist. No. 3,* 171 Kan. 347, 232 P.
2d 430.

Plaintiffs' amended petition first charged that the defendants were threatening to enter into contracts and do the things complained of without authority of law which would cause the creation of public burdens upon the property of plaintiffs and cause the levy of illegal taxes and that the suit was brought to enjoin the defendants from thus proceeding illegally. Then follow allegations of the status of the parties, and that on June 10, 1949, an election was held by the rural high school district to vote bonds to provide funds for acquiring a site for and erection of a school building but that the election proceedings contained no reference to acquiring a site for or the construction of a building for the joint use of the two defendant districts, and similar allegations were made with respect to the common school election of June 10, 1949, it being there alleged there was no election for change of site; that the defendants were proceeding to jointly acquire a site and build a building for joint school purposes; that bonds were voted at the two elections which had been sold, the proceeds being held by the two districts which threatened to illegally expend such sums for acquiring a site and erecting a building for joint school purposes. It was further alleged that the rural high school district, under proceedings had before the judge of the district court, had condemned certain lands for a site for a school building and that commissioners had been appointed whose report was approved by the court and that the landowners had appealed from the award made; that the condemnation proceedings were without authority, and without the valid selection of a site and that defendants were threatening to use the same for joint school purposes without any legal authority so to do. Reference was made to the action which was finally concluded in *State, ex rel., v. Rural High School Dist. No. 3,* supra, and it was alleged that after determination of that action the defendant board members determined to erect a building on the site selected for joint school purposes, had advertised for bids for construction of a school building, and that they had done so without legal authority and without taking the necessary legal steps therefor, and that the defendants would accept bids and illegally contract for the construction of such joint building and illegally jointly use the same, and illegally expend the funds of both districts, and would burden both districts with taxes without any authority in acquiring the site and constructing the building. Plaintiffs further alleged that should it be determined that defendants had illegally expended

funds of either district and if the court could not grant adequate relief by injunction, the court should determine the questions presented and the amounts paid and that the district sustaining a loss because thereof have judgment for the same against the defendant board members, and that plaintiffs had made no demand upon defendants or any of them or upon the county superintendent to recover said illegal expenses for the reason such demand would be of no avail; that plaintiffs did not know exactly what illegal expenditures had been made or contracted to be made. Plaintiffs further alleged a controversy had arisen as to the correct meaning and construction of Laws 1949, Ch. 353 (G. S. 1949, 72-317) and they then set out their interpretation of the statute, which we shall not review. There is no allegation as to what defendants contend. The prayer was that the statute be construed and that the defendants be enjoined from doing the things complained of in the petition. In order that there be no misunderstanding, it is noted that at no place in the petition was there any allegation that the doing of any act complained of would affect the plaintiffs in any manner different than the public at large or that they would suffer any tax burden other or different than that of other taxpayers in the two districts.

The defendants demurred to the amended petition for the reasons it disclosed that plaintiffs had no legal authority to sue and prosecute the action, and that facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants were not stated. The trial court sustained the demurrer and plaintiffs appeal.

In ruling on this demurrer the trial court filed a comprehensive memorandum opinion, from which we quote and adopt the following portions, in which we have inserted the complete citations of the decisions mentioned:

"The basis of the court's decision is that the plaintiffs as admitted citizens and taxpayers of said districts, do not have legal capacity to maintain the action. That right of action lies in the State of Kansas, by and through the County Attorney of Republic County, Kansas, or the Attorney-general of the State. Perhaps also, said petition fails to state sufficient facts to constitute a cause of action as against the defendants, but in view of the holding that plaintiffs are not by statute authorized to and do not have legal capacity to maintain the action, the question of the sufficiency of the petition does not appear to be material to this decision.

"The authorities on the subject would appear to be quite uniform in holding that such legal capacity does not exist:

"It is to be noted that the allegations of the amended petition, nowhere alleges that any burden to be suffered by the plaintiffs, or any tax or assessment to be levied, is peculiar to them as different from the burden to be cast upon the general taxpayers of the district involved.

"*Craft vs. Jackson County*, 5 Kan. 518; *Nixon vs. School District*, 32 Kan. 510, 4 Pac. 1017; *Abraham vs. Weister*, 103 Kan. 162, 172 Pac. 998; *Gormley vs. School Board*, 110 Kan. 600, 204 Pac. 741; *Citizens Utilities Co. vs. City of Goodland*, 146 Kan. 172, 69 P. 2d 318; *Weigand vs. City of Wichita*, 111 Kan. 455, 207 Pac. 651; *Home Riverside Coal Mines Co. vs. McAuliffe*, 126 Kan. 347, 267 Pac. 996; *Robertson vs. Kansas City*, 143 Kan. 726, 56 P. 2d 1032; *Grecian vs. Hill City*, 123 Kan. 542, 256 Pac. 163; *Jaeger vs. City of Hillsboro*, 164 Kan. 533-7, 190 P. 2d 420; *City of Holton vs. Jackson County Comm'rs.*, 138 Kan. 163, 23 P. 2d 605; *Rodenbeck vs. Darby*, 139 Kan. 759, 33 P. 2d 306; *Kansas Utilities Co. vs. City of Burlington*, 141 Kan. 926, 44 P. 2d 223; *Dunn vs. Morton County Comm'rs.*, 162 Kan. 449, 177 P. 2d 207; *Joint Consolidated School Dist. No. 2 vs. Johnson*, 163 Kan. 202, 181 P. 2d 504.

"The above does not exhaust the cases, but is deemed sufficient in principle to sustain the contention that plaintiffs do not have the legal capacity to maintain the action.

. . . . . . . . . . . .

" 'Appellants also stress claimed illegality of contracts made by the city for improvement of the levee, or the use of it as improved. In their petition it is alleged the doing of these acts is not authorized by law and may result in the creation of a public burden and the levy of illegal taxes. There is no allegation that plaintiffs will be harmed in any manner different from the public at large. While testimony was taken showing various acts and contracts complained of, there was no showing in the evidence that plaintiffs would have their tax burdens increased. Their apprehension that such result would follow depends on events which may or may not occur. . . . There was no showing appellants would sustain any special damage and different in kind from the public generally. Appellees urge that in such case appellants may not maintain an action for injunctive relief. We agree. The question raised has been before this court many times, and it has been repeatedly held the only proper plaintiff in an action for injunctive relief against abuse of power by municipal officers is the state, or one of its officers charged with responsibility of scrutinizing the acts of public officers and board.' *Robertson vs. Kansas City*, 143 Kan. 726-731, 56 P. 2d 1032.

. . . . . . . . . . . .

"In the absence of a specific statute authorizing it, a private person cannot maintain an action challenging the regularity of official or corporate action.

"*Nixon vs. School District*, 32 Kan. 510, 4 pac. 1017; *Dunn vs. Morton County Comm'rs.*, 162 Kan. 449, 177 P. 2d 207.

"Under R. S. 60-1121 an individual taxpayer cannot maintain an action to enjoin public officials from entering into a contract alleged to be unathorized unless his burdens as a taxpayer may be increased by the threatened unauthorized contract.

"*Home Riverside Coal Mines Co. vs. McAuliffe*, 126 Kan. 347, 267 Pac.

996; *City of Holton vs. Jackson County Comm'rs.*, 138 Kan. 163, 23 P. 2d 605; *Rodenbeck vs. Darby, et al.*, 139 Kan. 759, 33 P. 2d 306.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"As previously observed, these are (not) all the authorities on the various questions, but it seems to be (me) that they are to the effect that plaintiffs cannot maintain the action—that the only proper party is the state, and because of such situation, the demurrer has been properly sustained and this case dismissed at plaintiffs cost."

The judgment of the trial court is affirmed.