No. 34,178

THE STATE OF KANSAS, ex rel. CLARENCE V. BECK, Attorney General, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD; THE COUNTY BOARD OF SOCIAL WELFARE OF CLOUD COUNTY; FRANK A. PETERSON, Chairman, HERBERT G. MOORE and AUG LARSON, as Members of Said Boards, *Appellees*.

(84 P. 2d 405)

Opinion filed November 19, 1938.

*Clarence V. Beck,* attorney general, *William E. Scott,* assistant attorney general, for the appellant; *Ora D. McClennan,* of Topeka, of counsel.

*Lee R. Stanford,* county attorney, *Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is a proceeding in mandamus filed in the district court of Cloud county, wherein the state of Kansas prays for a peremptory writ ordering and requiring the defendants to correct the county social welfare budget of Cloud county in accordance with the recommendations, requirements and directions of the state board of social welfare. The record consists of the petition and writ, motions to quash the writ, separate answers by the defendant boards, and motion by the state to quash the answers. No evidence was introduced. The action of the trial court was in effect a judgment on the pleadings. The trial court sustained defendants' motion to quash the writ, overruled the motion of the state to quash the answers, and denied a peremptory writ. Plaintiff appeals.

In this state of the record, we are confronted with the issues raised by the pleadings.

The petition states:

"Comes now the plaintiff, the state of Kansas, through and on the relation of Clarence V. Beck, the duly elected, qualified and acting attorney general of the state of Kansas, and for its cause of action alleges and states:

"1. That the defendants Frank A. Peterson, Herbert G. Moore and Aug Larson are the duly elected, qualified and acting members of the board of county commissioners of Cloud county, Kansas, and of the county board of social welfare of Cloud county, Kansas, and that Frank A. Peterson is the chairman thereof.

"2. That by the provisions of section 39-711, Laws of 1938, the board of county commissioners of Cloud county is made the county social welfare board of Cloud county.

"3. That in accordance with the provisions of subsection (g) of section 39-713, Laws of 1938, the defendants prepared and submitted the county welfare budget of Cloud county for the county budget year of 1939 to the State Board of Social Welfare on or about the 31st day of May, 1938.

"4. That the state board examined said proposed budget, and on June 25, 1938, made the following recommendations and requirements, to wit:

" '1. Establish the amount of the monthly grants in conformity with the need as recorded in your file of D. S. W. 104's.

" '2. Adjust totals to include an equivalent average grant.'

"5. That on the 19th day of July, 1938, the defendants submitted to the state board of social welfare a revised county social welfare budget for the budget year of 1939, which revised budget was rejected by the state board of social welfare on July 30, 1938, and the state board of social welfare again directed the Cloud county board of social welfare to:

" '1. Establish the amount of the monthly grants in conformity with the need as recorded in your file of D. S. W. 104's.

" '2. Adjust totals to include an equivalent average grant.'

"6. That on the 3d day of August, 1938, the defendants caused to be published the budget and financial statement of Cloud county, Kansas, in the Concordia *Blade-Empire*; that a copy of said budget and financial statement is attached hereto, marked exhibit 'A,' and made a part hereof; that the hearing on said budget and financial statement was set for the 15th day of August, 1938.

"7. That contained in said budget and financial statement was a 'welfare fund,' the same being the proposed county social welfare fund of Cloud county; that a copy of the budget items of said welfare fund is attached hereto, marked exhibit 'B,' and made a part hereof.

"8. That on the 10th day of August, 1938, a conference between the defendants and representatives of the state board of social welfare relative to the Cloud county social welfare budget was held, at which conference it was agreed that the state board of social welfare would make definite and specific recommendations and requirements to the defendants for each and every fund within the county social welfare fund.

"9. That notwithstanding the conference on August 10, the defendants held a hearing on the budget and financial statement of Cloud county, including the county social welfare budget, and on or about the 15th day of August did adopt the budget for Cloud county as published on August 3, 1938, and did adopt a county welfare budget as published on August 3, 1938, as set out in exhibit 'B.'

"10. That on August 22, 1938, the State Board of Social Welfare, in accordance with the conference held on August 10, 1938, hereinbefore referred to, in a letter to the defendant Frank A. Peterson, made definite and specific requirements and recommendations to the defendants for each and every fund within the county social welfare fund; that a copy of said letter containing said definite specific requirements and recommendations for each and every fund within the county social welfare fund is attached hereto, marked exhibit 'C,' and made a part hereof.

"11. That the state board of social welfare, in making the definite and specific requirements and recommendations referred to in paragraph numbered (10) and in exhibit 'C,' established such requirements and recommendations in conformity with the need as recorded in forms D. S. W. 104, and adjusted the totals to include an equivalent average grant.

"12. That the defendants have failed and refused to correct the county welfare budget in accordance with the directions, recommendations and requirements of the state board of social welfare made on June 25, 1938, again on July 30, 1938, and again and more specifically on August 22, 1938."

Plaintiff prays for a peremptory writ of mandamus ordering and requiring defendants to correct the county social welfare budget in accordance with the requirements and directions of the state board made on June 25, 1938, July 30, 1938, and more definitely and specifically on August 22, 1938.

The section of the social welfare act relating to the preparation and submission of the budget is as follows:

"The county board shall prepare and submit to the state board on or before June 1 of each year its county welfare budget in such detail as the state board may prescribe. The state board shall examine said proposed budget and approve the same or make such recommendations and requirements as it shall deem advisable and return the same to the county board on or before June 25 of each year. The county board shall correct said budget in accordance with the directions of the state board and shall submit the same as corrected to the board of county commissioners. It shall be the duty of the board of county commissioners to make such levies upon the taxable property of the county as is necessary to raise the funds required by the county welfare budget: *Provided,* The levy shall not be in excess of that authorized by law. In the preparation of said budget and in its examination by the state board there shall be taken into consideration the estimated amount of grants the county will be entitled to receive from the state welfare funds, including the federal aid contribution thereto." (G. S. 1937 Supp. 39-713 [g].)

Mandamus is a discretionary writ. The writ of mandamus, whether alternative or peremptory, must not only show the obligation of the defendant to perform the act, but must also show his omission to perform it. (*Rosenthal v. State Board of Canvassers,* 50 Kan. 129, 32 Pac. 129.)

The petition alleged that in accordance with the provisions of G. S. 1937 Supp. 39-713 (g), the defendants, on or about May 31, 1938, submitted a county welfare budget to the state board of social welfare. The answer states the budget was not prepared and submitted by both defendants, but by the county social welfare board.

The petition alleged that the state board examined the proposed budget, and on June 25, 1938, made requirements and recommendations. The answer denies that on that date the state board made any requirements or recommendations as contemplated by law, but that the state board, by and through its director, sought to deprive the board of county commissioners of Cloud county of its lawful and discretionary duty of fixing and determining the levy to be made for welfare purposes.

The petition alleged that on the 19th day of July, 1938, defendant submitted a revised budget, which was rejected, and that the state board again made the same requirements and recommendations. The answer admits that the revised budget was submitted, but asserts that the same was arbitrarily, capriciously, and without lawful right rejected; that the state board having failed to make recommendations and requirements as contemplated by law, the county social welfare board submitted the revised budget to the board of county commissioners.

Defendant contends the only definite and specific requirements made by the state board were by the letter to the chairman of the county board on August 22, 1938, shown as exhibit "C" attached to the petition, and this was long after the revised budget was prepared, published and adopted by the county board on August 15, 1938.

The petition alleges that on July 25, 1938, and on July 30, 1938, the state board made the following recommendations and requirements:

"1. Establish the amount of the monthly grants in conformity with the need as recorded in your file of D. S. W. 104's.

"2. Adjust totals to include an equivalent average grant."

Defendants assert that the cabalistical symbols "D. S. W. 104's" unexplained have no legal significance.

No evidence was introduced by plaintiff and the petition contains no information as to the meaning of form 104 referred to in the requirements and recommendations. Was it a form prescribed by the state board? Was it a case worker's record? Was it a county record, and if so, by whom was it compiled? Was the information

given in No. 104 files accurate? Was it a record that would under the law serve as the basis for a budget? On these questions the court was without information. There is no allegation or proof the information in the No. 104 files was prepared by the county board, or that the information therein contained is correct. It would seem the county board was not supplied with authentic data upon which to base the budget for the coming year.

The petition alleges that the (state) board, by its letter of August 22, being exhibit "C," required the county to increase county funds to $49,128.24, and estimated a total of all funds for 1939 at $82,-224.41, an increase over the total budget as fixed by the county board of $22,924.41. The increase in county funds was the difference between $49,128.24, demanded by the state, and $34,637.56, as budgeted by the county board, or $14,490.68.

There is no allegation in the petition that these increases were necessary. There is not the slightest claim that the totals appearing in the letter of August 22 were needed to adequately care for the old, blind and other dependents in Cloud county for the year 1939.

Since there is no claim that the amount budgeted by the county board was to any degree inadequate or deficient, and since it is not claimed that the increased amount demanded by the state board was necessary, how can it be claimed that the state of Kansas has any right to compel the board of county commissioners, by levying upon the taxable property of Cloud county, to raise an amount of money largely in excess of what is claimed to be necessary for the budget period?

As the petition stands, there is an utter absence of any claim that there is anything wrong with the budget prepared and published by the county board. The only claim is that on August 22 the state board demanded that the county board budget an additional $22,-924.41, which is not claimed to be needed, and to require the county commissioners to levy a tax on the property in Cloud county to compel the payment of such admittedly unnecessary sum.

The absence of any allegation that the amount budgeted by the county board is insufficient would seem to be an admission that the amount specified is adequate.

For the reasons stated, the petition fails to state facts upon which a peremptory writ of mandamus should issue.

In this view of the case it is unnecessary to consider the various

questions as to the construction or constitutionality of the social welfare statutes, which have been argued by counsel.

The judgment of the trial court is affirmed.

HARVEY, J., concurs in affirming the judgment of the trial court, but not in all that is said in the opinion.

ALLEN, J. (dissenting): Under the practice of this jurisdiction a motion to quash a writ of mandamus is equivalent to a demurrer. (*Citizens Utilities Co. v. City of Goodland*, 146 Kan. 172, 69 P. 2d 318.) Against a demurrer a petition is liberally construed, and will be held sufficient if the facts stated, whether well pleaded or not, with all the reasonable inferences to be drawn therefrom, constitute a cause of action. (*Ball v. Oil & Gas Co.*, 113 Kan. 763, 766, 216 Pac. 422.) There is a presumption that public officers and administrative boards do their duty, that they act fairly from good motives, and with the purpose and intention of following and obeying the law. (*Ray v. Miller*, 78 Kan. 843, 98 Pac. 239.) The court is bound to presume the action which the petition alleges the board took as to the proposed budget was based on sufficient facts and was taken after due and proper consideration. If defendants contend otherwise, it was their duty to plead and prove facts to show a dereliction in the duty of the administrative officials.

Defendants in their answer charge the state board arbitrarily, capriciously and without authority of law, sought to deprive the board of county commissioners "of its lawful and discretionary right and duty of fixing and determining the levy which should be applied to the taxable property" within the county. In *Brinkley v. Hassig*, 130 Kan. 874, 289 Pac. 64, where almost identical charges were made against a state administrative board, this court said:

"Paragraph VII of the petition alleged the statute confers on.the members of the board arbitrary and capricious power to revoke plaintiff's license by methods other than those established for the administration of justice. The specification following the allegation was defect of power, and the horrific words added nothing to the strength of the petition."

It seems needless to remark that the state board, as set forth in the petition and as directed by the statute, made requirements and recommendations as to the budget and not as to the levy to be made. It thus appears that this objection is empty of merit. In my opinion the other objections are likewise without substance.

In order to secure uniformity in the administration of the social security act and to secure equality in the distribution of the funds for public assistance according to the need of the individual, irrespective of his place of residence in the state, the legislature, by G. S. 1937 Supp. 39-713 (g), vested authority in a central agency, the state board, to supervise the making of the county budget. It is evident the duties of the state board are analogous to the duties of the state board of equalization under G. S. 1935, 79-1409. If the meticulous nicety here acquired is to be followed as a binding precedent, the administrative law of the state will become unworkable. Not only the authority of the state board of social welfare will be challenged, but the power of the state board of equalization and other administrative agencies of the state will be questioned. Our code of civil procedure G. S. 1935, 60-102, provides: "Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice." In my view the narrow and technical construction given to the petition of the state in the majority opinion not only ignores this statute, but levels a lethal blow at the social security law.