No. 20,687.

THEODORE STEINBRUCK et al., *Appellees,* v. MILFORD TOWN-
SHIP, IN GEARY COUNTY, et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. MUNICIPAL BONDS—*Time of Issue.* Municipal bonds are not issued
until they are sent out, delivered, or put into circulation.

2. SAME—*Issue of Bonds—Curative Statute Does Not Apply.* The bonds
here involved had not been issued when the curative statute (Laws
1915, ch. 321, Gen. Stat. 1915, § 9360) took effect, validating all such
bonds "issued prior to the passage of this act," hence such curative
act does not apply.

Appeal from Geary district court; ROSWELL L. KING, judge.
Opinion filed March 10, 1917. Affirmed.

*W. S. Roark,* of Junction City, for the appellants.

*F. L. Williams,* of Clay Center, for the appellees.

The opinion of the court was delivered by

WEST, J.: Milford township, Geary county, was enjoined
from proceeding with a bond issue for a township high school
and appeals. In November, 1914, proceedings were begun by
the township under chapter 262 of the Laws of 1911 as
amended by chapter 278 of the Laws of 1913. The defend-
ants pleaded, among other things, a curative act (Laws 1915,
ch. 321, Gen. Stat. 1915, § 9360), which took effect March 5 of
that year and after the granting of the temporary restraining
order herein. Whatever the effect may be, it is a peculiar fact
that on February 11, 1915, chapter 312 of the Laws of that
year took effect, supplemental to the act of 1911 as amended by
the act of 1913, under which acts these proceedings were had.

The curative act (ch. 321) is entitled: "An act legalizing
and validating certain bonds," and provides "that all bonds
issued prior to the passage of this act," under the provisions of
the act of 1911 and acts amendatory thereof, shall be and same
are deemed and declared to be legal and valid. There seems to
be no claim that these bonds had been issued prior to the
passage of this act, March 5, 1915. They had been offered to
the state school fund and accepted, but only as a tentative

matter, and in the offer it was stated that they would be from $15,000 to $17,000 in amount. The acceptance of the offer named $17,000 at 5 per cent. The prayer of the petition was that the defendants be restrained, enjoined and prohibited from executing, issuing and delivering any of the bonds of the township or of the board of education thereof. The answer was filed June 4. The order appealed from enjoined the issuance and delivery of the bonds. In the reply brief counsel for the defendants says that everything had been done except mere clerical and administrative work to clear the sale, execution and delivery of the bonds "As to their execution, they were, so far as equity and general commercial usage were concerned, constructively executed."

But the curative act refers to bonds issued prior to its passage. This was March 5, and when the answer was filed all the statutory authority for the entire proceeding had been repealed by chapter 311 of the Laws of 1915 and the bonds had not been issued. The matter, therefore, seems clearly to have been placed by the legislature entirely beyond the power of the courts.

As to when bonds are deemed to be issued, see *The State v. Pierce,* 52 Kan. 521, 35 Pac. 19; *Perkins County v. Graff,* 114 Fed. 441, 444; 4 Words & Phrases, p. 3778; 8 Words & Phrases, p. 7693; Webster's International Dictionary. Numerous other points are presented, but the one already considered is determinative and the others need not be discussed.

The judgment is affirmed.