No. 40,614

WILL MASON, BUN R. WILLIAMS, LEWIS R. WILLIAMS, CECIL ROBIN-SON, E. J. ROBINSON, ARTHUR BYBEE, S. A. POPE, FRED FINK, M. H. HEFTON, MACK COMSTOCK, ANTON GOBL, RALPH C. BOLINGER, W. T. GRANT, ROY ATER, J. R. BANWART, ELMER MILLER, JR., A. O. RUPERT, EDWARD E. BUNTAIN, E. L. POST, CARL E. BOSLEY, GEO. W. DARE, JOHN J. JACKSON, GLEN E. BOLINGER, JOE SNAPP, HARRY STOCKSTILL, J. F. ROWETH, V. E. BUNDY, CHAS. SCHLEGEL, GENE COLVIN, LEE COLVIN, JULIA WUNDERLY, FRED WUNDERLY, R. W. GOODMAN and KENNETH FELT, *Appellants,* v. H. C. HOLT, HOMER K. THOMPSON and OWEN MARTIN, as members of the Board of Rural High School District No. 4, Bourbon County, State of Kansas, and BUFORD L. SHANKEL, as County Attorney of Bourbon County, Kansas, *Appellees* and *Cross-Appellants.*

(313 P. 2d 249)

Opinion filed July 3, 1957.

*Douglas Hudson, Howard Hudson,* and *Douglas G. Hudson,* all of Fort Scott, were on the briefs for the appellants.

*Daniel O. Lardner,* of Fort Scott, and *P. E. Nulton,* and *R. L. Letton,* both of Pittsburg, were on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the judgment, order, findings and conclusions of the trial court in granting judgment on the pleadings at the request of and in favor of the defendants. This mandamus action was filed by residents and taxpayers seeking to have a rural high school district board *commanded* to call an election to permit the electors to vote on the question of disorganization of the rural high school district.

The parties will be referred to as plaintiffs and defendants in this seventh appearance of the litigation involving Rural High School

District No. 4 of Bourbon county, which we shall hereafter refer to as district No. 4.

As stated, the plaintiffs are residents and taxpayers and the defendants are Buford L. Shankel in his official capacity as county attorney and the members of the school board of district No. 4 in their official capacity.

An amended petition was filed by plaintiffs alleging that a petition containing the signatures of 515 legal electors, which constituted more than ⅖ of the total electors of the district, was filed on April 18, 1956, with the defendant board of district No. 4. The sufficiency of the petition was determinable and to be determined as of the time of its filing and the sole and only duty and authority of the board of district No. 4, after such determination of the sufficiency of the petition by the enumeration, was to call the election "forthwith." The board of district No. 4 on May 16, 1956, in violation of its duty, arbitrarily and fraudulently declared the petition insufficient and refused to call the election.

Plaintiffs in their amended petition sought to have the board of district No. 4 *commanded* and enjoined to call an election at once to permit the electors to vote on the question of disorganization of district No. 4. They asked that the county attorney also enter his appearance to the end that justice be done between the parties.

Defendants demurred specially to the amended petition for the reason that it appeared in the allegations that plaintiffs had no legal capacity to sue or prosecute this action, and they demurred generally on the ground that the stated facts were not sufficient to constitute a cause of action. These demurrers were overruled and the defendants have herein cross-appealed therefrom.

Before considering the merits of plaintiffs' appeal, we deem it necessary first to dispose of defendants' cross-appeal. We look first to the special demurrer which challenged plaintiffs' legal capacity to sue or prosecute this action. On April 12, 1957, an order was made by this court in *Bollinger v. Thompson*, case No. 40,760, wherein plaintiffs made application for an alternative writ of mandamus. That order denied the writ on the grounds that plaintiffs did not have legal capacity to bring such an action under the general rule set forth in *Gormley v. School Board*, 110 Kan. 600, 204 Pac. 741, as follows:

"Persons who are residents, citizens, electors and taxpayers of a rural high-school district and have children of high-school age do not have such a special

interest peculiar to themselves in the calling of an election to vote upon the disorganization of the district as will entitle them to maintain an action of mandamus in their own names to compel the school board to call such election." (Syl.)

Also cited as bearing on the question are the cases of *Smith v. City of Emporia,* 168 Kan. 187, 190, 192, 211 P. 2d 101, anno. 13 A. L. R. 2d 1272; *Haines v. Rural High School Dist. No. 3,* 171 Kan. 271, 232 P. 2d 437; *Dennis v. State Board of Barber Examiners,* 174 Kan. 561, 257 P. 2d 940; *Pool v. Holt,* 180 Kan. 291, 303 P. 2d 186.

Subsequent to April 12, 1957, plaintiffs filed a reply brief in this case wherein they do not consent to judgment being entered but in conformity with the above-stated rule, they admit the only ultimate outcome in this case would be the same. In other words, since the court in the Bollinger case held that the plaintiffs did not possess the legal capacity to prosecute the action under the general rule as stated in the Gormley case, *supra,* we would have to so hold here. We appreciate counsels' frankness in this respect because their conclusion is correct.

The matters raised on appeal need not be discussed since it is our opinion the trial court erred in making its order overruling the special demurrer.

The judgment of the trial court as to the cross appeal is reversed with directions to sustain the special demurrer to plaintiffs' petition.